**Lori Ann (Rockwell) MURRAY,
Appellant,**

v.

**Edgar Francis ROCKWELL,
Jr., Respondent.**

No. WD 53066.

Missouri Court of Appeals,
Western District.

Sept. 23, 1997.

Judith L. Berry, Independence, for Appellant.

Michael C. Harris, Independence, for Respondent.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from a modification of a divorce decree. Appellant raises two points on appeal. First, she contends the trial court erred in denying her application to relocate the residence of the minor child from Missouri to Nevada. Second, she claims the trial court erred by restricting the residence of the minor child to within the greater Kansas City metropolitan area upon her return to Missouri.

### Facts

Lori Ann Rockwell (now Murray) and Edgar Rockwell were granted a divorce on February 9, 1993. The court awarded the parties joint custody of their minor child. Appellant was named primary custodian and Respondent received visitation rights, pursuant to the parties' joint custody agreement. Appellant removed the child to Nevada on or about October 17, 1993, without either the written consent of Respondent or the order of the court as required by RSMo 452.377.

At that time, Respondent stopped paying child support. On November 22, 1993, Respondent filed a motion to suspend child support. On January 18, 1994, Appellant filed a cross motion for permission to leave Missouri. On August 31, 1994, the court denied Appellant leave to relocate. Appellant refused to return to Missouri and on December 9, 1994, Respondent filed a motion to modify custody and a motion for contempt.

Appellant filed a new motion to relocate on October 20, 1995. On June 21, 1996, the trial court denied Appellant's motion to relocate. The court also found Appellant in contempt for her refusal to return the child to this jurisdiction and for her failure to provide visitation ordered. The court further ordered Appellant remanded to the custody of the Jackson County Department of Corrections, with a stay ordered to allow Appellant to relocate the minor child's residence to Missouri, within the greater Kansas City metropolitan area, and to allow Respondent compensatory visitation. The court denied Respondent's motion to modify custody and on its own motion modified the Respondent's visitation and increased Respondent's child support.

### Standard of Review

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's determination of credibility, viewing the evidence and inferences therefrom in the light most favorable to the decree and disregarding all contrary evidence and inferences. *Price v. Price,* 921 S.W.2d 668, 671 (Mo.App. W.D.1996); Rule 73.01(c)(2). Also, in child custody proceedings, we give the trial court's judgment greater deference than in any other type of case. *Hankins v. Hankins,* 920 S.W.2d 182, 187 (Mo.App. W.D. 1996).

### Point I

Appellant's first point on appeal is that the trial court erred in denying her application to relocate the residence of the minor child from Missouri to Nevada because the denial was 1) not supported by the evidence, and 2) an abuse of discretion because the trial court misapplied the factors required by case law to be considered in determining the propriety of relocating a child.

In determining whether to permit the removal of a child from Missouri, we consider the following factors: 1) the prospective advantages of the move in improving the general quality of life for the custodial parent and child; 2) the integrity of the custodial parent's motives in relocating; 3) the integrity of the non-custodial parent's motive for opposing relocation and the extent to which it is intended to secure a financial advantage with respect to continuing child support; 4) the realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the non-custodial parent's relationship with the child if relocating is permitted. *Jones v. Jones,* 903 S.W.2d 277, 282 (Mo.App. W.D.1995) (and cases cited).

Appellant argues that the trial court did not properly consider her new husband's income, the child's relationship with Appellant's new husband and his extended family, and the child's attachment to her school and other aspects of the community. The trial court is presumed to have reviewed all the evidence presented in a case. *Stewart v. Stewart,* 905 S.W.2d 114, 116 (Mo.App. W.D.1995). While the evidence Appellant presented with regard to the child's circumstances in Nevada is relevant, the court could have reasonably found other evidence more persuasive. For example, Appellant ignored a court order to relocate to Missouri. It would have been reasonable for the court to conclude that it was because of Appellant's disregard of the court order that the child has been able to foster relationships and become attached to her surroundings in Nevada. In addition, the court specifically considered the child's relationship with Appellant's new husband and found that the relationship the child has with her stepfather is the kind of relationship she should be having with her father. The court also found that Appellant's job prospects as a casino cocktail waitress are just as good in Missouri as they

are in Nevada, and there was no evidence that the child would not do well in Missouri.

Next the court considered the second factor and found that because Appellant ignored the August 1994 court order to return the child to Missouri, Appellant's new motion to relocate lacked any integrity. Appellant does not argue that the court misapplied this factor, and we find that the evidence supports the trial court's conclusion.

■ Appellant next argues that the trial court erred in its application of the third factor. We disagree. The trial court found that Respondent had sought an advantage with regard to child support in this case. However, the court did not impugn Respondent's motives on this basis. The trial court is in a better position than the Court of Appeals to determine the parties' motives. *Watkins v. Watkins*, 924 S.W.2d 542, 544 (Mo.App. W.D.1996). In addition, the noncustodial parent's motive for opposing relocation is only one of four factors the court considers. Therefore, even though the trial court found that this factor weighed in Appellant's favor, that would not necessarily be sufficient to override the other three factors the court found in Respondent's favor. *Carter v. Schilb*, 877 S.W.2d 665, 668 (Mo.App. W.D.1994).

Appellant's final argument is that the court misapplied the fourth factor. Appellant argues that allowing Respondent visitation with the child three times a year for four to six weeks at a time is adequate to preserve and foster Respondent's relationship with the child. The trial court found that because of the distance between Nevada and Missouri, this visitation schedule did not provide a realistic opportunity to preserve or foster the child's relationship with Respondent.

■ Appellant cites several cases where courts have approved various custody plans similar in length to the one proposed by Appellant in this case. However, in establishing a custody plan, a case by case approach should be utilized to determine the best interest of the child and to tailor the plan to that interest. *Monsees v. Monsees*, 908 S.W.2d 812, 816 (Mo.App. W.D.1995). Missouri courts presume that frequent and meaningful contact with both parents is in the child's best interest. *Dover v. Dover*, 930 S.W.2d 491, 496 (Mo.App. W.D.1996); § 452.375.3 RSMo 1994. In arranging custody, courts must determine the most likely course to assure this contact between the children and each parent. *Id.* The trial court established a plan that allows more frequent visitation between Respondent and the child. We find that the trial court did not abuse its discretion in establishing a visitation schedule that provided for frequent and meaningful contact between the child and both parents.

Point I is denied.

### Point II

Appellant's second point on appeal is that the trial court erred by restricting the residence of the minor child to within the greater Kansas City metropolitan area upon her return to Missouri because such a restriction 1) misstated and misapplied the law; 2) was an abuse of discretion, as the court did not find that such a restriction was in the child's best interest; 3) was void as against public policy; and 4) was vague.

■ Appellant's first argument, and the only one we consider, is that the trial court misstated and misapplied the law by restricting her residence to the Kansas City metropolitan area. We agree. A court should not, in advance, restrict a custodial parent's residence to a particular area of the state. *Fuchs v. Fuchs*, 887 S.W.2d 414, 418 n. 2 (Mo.App. S.D.1994). This court has previously affirmed a trial court's refusal to include in its dissolution decree a restriction that neither parent move out of a two-county area without the other's written permission or court order. *Kline v. Kline*, 686 S.W.2d 13, 17 (Mo.App. W.D.1984). We reasoned that provisions to ensure a relationship with both parents could be made without confining the residence of the mother to a particular area of the state. *Id.; In re Marriage of Dusing*, 654 S.W.2d 938, 942 (Mo.App. S.D. 1983). That is also the case here. It has not been established that such an extreme restriction is necessary to ensure that the child maintains frequent and meaningful contact with both parents. Therefore, we reverse

the portion of the trial court's judgment restricting Appellant's residence to the Kansas City area.

Point II is sustained.

The judgment of the trial court is affirmed in part and reversed in part.

All concur.