**Deborah A. (Kelling) WEAVER, Respondent,**

v.

**Brian R. KELLING, Appellant.**

**No. WD 57159.**

Missouri Court of Appeals,
Western District.

May 23, 2000.

David Keith Holdsworth, Liberty, for appellant.

Patrick David Beeman, Liberty, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J. and SMART, J.

ULRICH, Judge.

Brian Kelling appeals from the judgment of the trial court allowing his ex-wife, Deborah Weaver, to relocate with their three minor children from Missouri to Texas where Ms. Weaver's husband had accepted a job. Mr. Kelling also appeals the trial court's judgment denying his cross motion to modify custody, visitation and support. The trial court's judgment granting permission for Ms. Weaver to move with the children to Texas is vacated and the case is remanded back to the trial court for further action consistent with this opinion.

## Facts

Mr. Kelling and Ms. Weaver were divorced on February 21, 1995. The court awarded the parties joint legal custody of their three minor children with Ms. Weaver receiving primary physical custody and Mr. Kelling receiving visitation rights pursuant to the party's joint custody agreement. On November 12, 1997, Ms. Weaver filed a Motion to Modify Visitation Schedule, seeking to change the visitation schedule from one overnight every weekend to alternating weekends with one non-overnight evening during the week. Ms. Weaver remarried in April 1998, and soon thereafter on May 11, 1998, filed her first amended motion to modify visitation schedule. In her motion, she sought to change the visitation schedule and additional child support.

On September 18, 1998, Ms. Weaver's new husband was offered and accepted a promotion requiring him to transfer to Texas. On October 15, 1998, Ms. Weaver filed a motion for temporary removal of the children from Missouri, seeking to gain a court order granting her permission to relocate the children to Texas. Mr. Kelling filed his motion to dismiss the motion for temporary removal of children from the state and motion to quash on October 21, 1998. He filed his answer and cross motion to modify child custody and support on November 20, 1998.

The trial court entered the first amended judgment and order modifying the decree of dissolution on April 23, 1999, which ordered, among other things, that Ms. Weaver retain primary physical custody of the parties' children and permitted Ms. Weaver to relocate with the children to Texas. This appeal followed.

## Relocation

■■■ The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). "The party seeking to relocate shall have the burden of proving that the proposed relocation is made in good faith and is in the best interest of the child." § 452.377.9, RSMo Cum.Supp.1998.[1] In determining whether to grant the custodial parent's motion to remove a child from the state, the paramount concern is the best interest of the child. *Puricelli v. Puricelli,* 969 S.W.2d 289, 296 (Mo.App. E.D.1998). With regard to a motion for permission to remove a child from the state of Missouri, the courts employ a four-factor test to determine if the move serves the best interest of the child: (1) whether the prospective advantages of the move will improve the general quality of life for the custodial parent and the child; (2) the integrity of the custodial parent's motives in relocating; (3) the integrity of the noncustodial parent's motives for opposing the relocation, and the extent to which it is intended to secure a financial advantage with respect to continuing child support; and (4) the realistic opportunity for visitation which can provide an adequate basis for preserving and fostering the noncustodial parent's relationship with the child if relocation is permitted. *Buschardt v. Jones,* 998 S.W.2d 791, 796 (Mo.App. W.D.1999); *McElroy v. McElroy,* 910 S.W.2d 798, 803 (Mo.App. E.D.1995). A parent requesting removal of children out-of-state is not entitled to an

order permitting removal just because the parent asks for one. *Newell v. Rammage,* 7 S.W.3d 517, 524 (Mo.App. W.D.1999). Each case must be decided on its particular facts, with the welfare of the child remaining the primary concern. *Buschardt,* 998 S.W.2d at 796. Missouri courts presume that a child's frequent and meaningful contact with both parents is in the child's best interests. *Murray v. Rockwell,* 952 S.W.2d 350, 353 (Mo.App. W.D.1997).

■■■ In this case, the trial court found that "[Ms. Weaver's] husband has accepted a job opportunity with his employer and, consequently, it is in the children's best interests to allow Petitioner to remove the minor children from the State of Missouri to the State of Texas." Although the trial court is not required to set out specifically the factors it relied upon in granting Mother's motion to relocate, where the court is silent as to which factors it considered, the trial court is presumed to have considered all the evidence and made its award in the best interests of the children based on consideration of the relevant statutory factors, unless the record indicates otherwise. *Edmison ex rel. Edmison v. Clarke,* 988 S.W.2d 604, 608–9 (Mo.App. W.D.1999).

■■■ The court's stated reason for authorizing the children's move to Texas with their mother was because her present husband has obtained new employment there. This reason, by itself, does not fully comport with the four factors required in determining whether such move is in the best interest of the minor children. Although Ms. Weaver's motion did not seek a change of custody, the children's move to Texas with Ms. Weaver substantially effects the temporary custody of the children with Father during visitation. When an appellate court reviews the trial court's custody decision, the reviewing court, if convinced that the trial court abused its discretion in awarding

---

**1.** Section 452.377, RSMo Cum.Supp.1998, became effective on August 28, 1998, prior to

Ms. Weaver's motion for removal.

custody by failing to consider the relevant statutory factors, should remand the case back to the trial court so that the factors can be considered in deciding the custody issue. *Id.* at 609. This approach is appropriate when the trial court has failed to apply established factors in determining if a custodial parent's proposed relocation is in the best interest of the children.

In this case, nothing in the record indicates that the trial court employed the four-factor test to determine if the relocation serves the best interest of the child. Without more articulated findings of fact regarding the four factors for removal, this court cannot rule that the move was in the best interest of the children. *Newell,* 7 S.W.3d at 524. The judgment is vacated and the case is remanded back to the trial court for findings, consistent with this opinion, in determining the best interest of the children.

LAURA DENVIR STITH, P.J. and SMART, J. concur.