MCKENZIE R. ALLEN, )
 )
 Petitioner/Respondent, )
 )
 vs. ) No. SD36891
 ) Filed: November 22, 2021
BAILEY L. SEELY, )
 )
 Respondent/Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

 Honorable Jerry L. Holcomb, Judge

AFFIRMED

 Bailey L. Seely (“Mother”) appeals the trial court’s “Judgment of Modification” in two

points relied on: (1) that the trial court entered its judgment without giving the parties proper

notice and opportunity to be heard; and (2) that the trial court failed to make statutory best interest

findings as to Mother’s relocation. Finding no merit to either point, we affirm the judgment of the

trial court.
 Factual and Procedural History

 This Court defers to the trial court’s findings of fact when the factual issues are contested

and when the facts as found by the trial court depend on credibility determinations. Ivie v. Smith,

439 S.W.3d 189, 206 (Mo. banc 2014). “When the evidence poses two reasonable but different

conclusions, appellate courts must defer to the circuit court’s assessment of that evidence.” Id.

Viewing the facts in light of this standard, the evidence adduced at trial was as follows.

 Mother and Father are the parents of R.A. (“the Child”), born in 2017. The parties were

never married, but began living together in Carthage, Missouri in 2017 upon the birth of Child. In

December 2018, the parties separated and Mother moved with Child to Seneca, Missouri.

 On February 4, 2019, Father filed a “Petition to Establish Child Custody, Visitation and

Child Support.”

 On June 25, 2019, the court issued its “Judgment of Custody, Visitation and Child support

by Affidavit,” awarding joint legal and physical custody of Child to the parties, subject to Father’s

reasonable parenting time, as set forth in the incorporated “Agreed Joint Parenting Plan.” Mother’s

address would be Child’s address for education and mailing purposes. Father was awarded

parenting time with Child of three weekends per month and one evening during the week. The

parties agreed to meet halfway between their residences in order to facilitate parenting time

exchanges.

 In early November 2019, Mother became engaged to be married to a man who resided in

Rose Bud, Arkansas, a four-hour drive from Carthage. On November 5, 2019, Mother provided

Father a “Notice of Relocation” of her intent to relocate Child to Rose Bud. On November 18,

2019, Mother sent an amended notice to Father of her intent to relocate Child to Rose Bud.

 2
 On December 18, 2019, Father filed his “Motion to Prevent Location” and an Affidavit in

support. In his motion and affidavit, Father asserted, in part, that the relocation was not in the best

interest of Child; that because Child is a toddler, it was important that Child have frequent and

meaningful contact with Father; that Rose Bud is approximately 240 miles from Carthage; and that

because of the distance and traveling time, Father’s weekend parenting time was not practical and

fair to Child as Child would be traveling for eight hours round trip three times a month, and Father

would not be able to continue his one weeknight parenting time.

 In January 2020, Mother moved with Child to Rose Bud, without court approval or Father’s

consent. On January 13, 2020, Mother filed an answer to Father’s motion, and on January 25,

2020, filed a “Motion to Relocate.” Mother, in her motion, asserted that the best interest of Child

would be served by moving to Rose Bud into her husband’s five bedroom rental home versus

Father’s two bedroom home that he shared with a girlfriend and three other children. Mother

stated she was agreeable to leaving the weekend visitation the same, but since Father had never

exercised his weeknight visitation, he would not be inconvenienced at its removal; was agreeable

to a slight reduction in child support to help mitigate the increased traveling time; and was willing

to meet closer than halfway in facilitating the custody exchange of Child.

 Both parties submitted proposed parenting plans based on the trial court’s approval of

Mother’s relocation to Arkansas.

 The trial court held a hearing on June 1, 2020. Both parties testified regarding Mother’s

proposed relocation, and their respective parenting plans. On June 2, 2020, the trial court issued

its “Order” by docket entry, and made findings denying Mother’s motion to relocate. The trial

court also directed Father to “file Motion to Modify incorporating this Court’s findings and

judgment of modification[.]”

 3
 On June 24, 2020, Father filed a “Motion to Modify.” On July 9, 2020, the trial court

entered its “Judgment of Modification.” The trial court found that it was in the best interest of

Child that the parties retain joint legal and joint physical custody of Child, with Father’s address

designated as Child’s address for mailing and educational purposes. Father’s parenting plan, as

modified by the court, was made a part of the trial court’s judgment. The trial court denied

Mother’s Motion to Relocate.

 On August 11, 2020, Mother filed a “Motion to Vacate, Correct, Amend, or Modify

Judgment,” which the trial court denied.

 In two points relied on, Mother argues:

 I. The circuit court erred in issuing the July 9, 2020 Modification Judgment,
 because the court erroneously declared and misapplied the law; in that the
 court modified the parties’ prior custody decree in the absence of a proper
 petition for modification, service upon the parties, and the opportunity for
 the parties to be heard before the court.

 II. The circuit court erred in overruling Mother’s Motion to Relocate and
 sustaining Father’s Objection to Relocation; because it misapplied Missouri
 law governing relocation of a child; in that the court summarily denied
 Mother’s Motion and failed to properly consider whether Mother’s request
 was made in good faith, and whether relocation was in the best interests of
 the child.

(Italics in original) (bolding omitted).

 Standard of Review

 “This Court will affirm the circuit court’s judgment unless there is no substantial evidence

to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.”

Pasternak v. Pasternak, 467 S.W.3d 264, 268 (Mo. banc 2015) (citing Murphy v. Carron, 536

S.W.2d 30, 32 (Mo. banc 1976)).

 4
 Analysis

 Point I: Alleged Procedural Defects

 In her first point, Mother argues that the trial erred in “modif[ying] the parties’ prior

custody decree” because there was no “proper petition for modification, service upon the parties,

and the opportunity for the parties to be heard before the court.”

 The substance of Mother’s argument is as follows:

 [T]he circuit court misapplied the law by modifying the parties’ prior custody
 decree absent a proper motion to modify and notice to the parties; based solely on
 Mother’s relocation without court permission in violation of section 452.377.

 The issue of child custody modification was never raised during the trial on
 June 1, 2020.

(Emphasis added). Mother further claims that she was denied an “opportunity to be heard” on the

modification of custody issue.

 Mother’s argument is based on a false premise because the trial court did not modify

custody after the hearing. In the June 2019 judgment, Father and Mother had joint legal and

physical custody of Child. That remained true after the court issued its July 2020 judgment. What

the judge changed in the 2020 judgment was the residential designation for educational and

mailing purposes and the parenting time schedule. “A change to the residential designation for

educational and mailing purposes and a change in the parenting time schedule are changes in the

terms related to joint physical custody, are sub-issues of custody, and are not changes in the

custodial arrangement.” Trueblood v. Mulvihill, 563 S.W.3d 172, 176 (Mo.App. W.D. 2018); see

also Clayton v. Sarratt, 387 S.W.3d 439, 445–46 (Mo.App. W.D. 2013).

 Moreover, Mother’s argument is plainly contradicted by the record. Mother’s brief

concedes that: (1) both parties submitted parenting plans to the court prior to the hearing based on

Mother’s relocation; and (2) both parties testified about their proposed parenting plans.

 5
 The trial court found that Mother had already relocated without court approval, and

necessarily made alterations to the original parenting plan in light of that fact. This was plainly

contemplated by the parties and the court. Although the trial court’s ultimate residential

designation and parenting time schedule may not have reflected Mother’s preferences, it is simply

disingenuous to now argue that no parenting plan modifications were contemplated or sought in

these proceedings.

 Mother fails to demonstrate reversible error in her Point I, and the same is accordingly

denied.

 Point II: Trial Court Considerations

 In her second point, Mother argues that the trial court erred in “overruling Mother’s Motion

to Relocate and sustaining Father’s Objection to Relocation,” in that “the court summarily denied

Mother’s Motion and failed to properly consider whether Mother’s request was made in good faith,

and whether relocation was in the best interests of the child.”

 “Section 452.377 governs the relocation of a child in Missouri[,]”1 and in relevant part

states: “[t]he party seeking to relocate shall have the burden of proving that the proposed relocation

is made in good faith and is in the best interest of the child.” § 452.377.10. “The trial court is to

be guided by all relevant considerations consistent with the best interests of the child in deciding

whether the relocation would be in the best interests of the child.” Henry v. Henry, 353 S.W.3d

368, 374 (Mo.App. S.D. 2011).

 Mother suggests that the trial court “misapplied the law” because “[t]he Docket Entry was

entirely silent regarding the four factors the court must consider in determining whether a proposed

1
 Fleming v. Fleming, 446 S.W.3d 677, 680 (Mo.App. W.D. 2014).

 6
relocation serves the best interest of the child.” In support, Mother directs us to Weaver v. Kelling,

18 S.W.3d 525 (Mo.App. W.D. 2000), wherein our Western District vacated the trial court’s

judgment and remanded for further proceedings where the trial court failed to make findings as to

the “four-factor test to determine if the relocation serves the best interest of the child.” Id. at 529.

The four-factor test used by Weaver was rejected by our Supreme Court shortly after Weaver was

issued:

 Prior to the 1998 amendment to section 452.377, the courts approved a
 relocation if it was in the best interests of the child. The child’s best interests were
 measured by a four-part test set out in Michel v. Michel, 834 S.W.2d 773, 777
 (Mo.App.1992). In lieu of this test, section 452.377 now requires the court to
 determine that the relocation: (1) is in the best interests of the child, (2) is made in
 good faith, and (3) if ordered, complies with the requirements of subsection 10.
 Michel’s four-part test is inconsistent with these statutory requirements and shall
 not be used in determining the child’s best interests.

Stowe v. Spence, 41 S.W.3d 468, 469 (Mo. banc 2001) (internal citations omitted).

 Moreover, it has since been observed that section 452.377.10, which sets out what the

relocating party must prove for relocation, “does not expressly require statutory best interest

findings.” Mantonya v. Mantonya, 311 S.W.3d 392, 398 n.4 (Mo.App. W.D. 2010) (emphasis

added). For these reasons, Mother’s Point II argument must fail, and is accordingly denied.

 The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS
JACK A. L. GOODMAN, J. – CONCURS

 7