Deborah A. (Kelling) WEAVER,
Respondent,

v.

Brian R. KELLING, Appellant.

No. WD 58972.

Missouri Court of Appeals,
Western District.

Aug. 28, 2001.

David K. Holdsworth, Liberty, for appellant.

Patrick Beeman, Liberty, for respondent.

Before ULRICH, P.J., SMART and HARDWICK, JJ.

ULRICH, P.J.

Brian Kelling (Father) appeals the judgment of the trial court allowing Deborah Weaver (Mother) to relocate to Texas with the parties' three minor children. He contends that the trial court erred in denying his Cross–Motion to Modify because Mother's proposed relocation to Texas was a

change in circumstances that was not in the best interest of the children. Father also claims that the trial court erred in permitting Mother to relocate with the children to Texas because (1) the court's judgment was against the weight of the evidence and not supported by substantial evidence and (2) Mother failed to notify him of her proposed relocation as required by section 452.377, RSMo 2000. The judgment of the trial court is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

Mother and Father were divorced in February 1995. Pursuant to the parties' joint custody agreement, the court awarded the parties joint legal custody of their three minor children with Mother receiving primary physical custody. The court also awarded Father reasonable visitation including one overnight period every weekend and one weekday lunch period per week for the children not enrolled in school full-time. And although not specified in the decree, Father's visitation typically included Monday overnight and Thursday morning with the children not in school. In November 1997, Mother filed a Motion to Modify Visitation Schedule seeking to change the visitation schedule from one overnight every weekend to alternating weekends. Mother remarried in April 1998, and soon thereafter filed her First Amended Motion to Modify Visitation Schedule seeking to change the visitation schedule and to increase Father's child support obligation.

In October 1998, Mother's new husband accepted a promotion requiring him to transfer to Texas. As a result, Mother filed a Motion for Temporary Removal of Children from the State of Missouri seeking to gain a court order granting her permission to relocate the children to Texas. Thereafter, Father filed a Motion to Dismiss Mother's motion and a Motion to Quash. Mother filed her Second Amended

Motion to Modify Visitation Schedule in November 1998 again seeking a change in the visitation schedule and permission to relocate the children to Texas. Father filed his answer to Mother's Second Amended Motion and his Cross-Motion to Modify seeking primary physical custody of the children.

Following a hearing on the motions, the trial court entered its First Amended Judgment and Order Modifying Decree of Dissolution in April 1999 ordering, among other things, that Mother retain primary physical custody of the parties' children and permitting Mother to relocate with the children to Texas. Father appealed the trial court's judgment to this court. This court vacated the judgment finding that nothing in the record indicated that the trial court employed the four-factor test to determine if the relocation served the best interest of the children and remanded the case to the trial court for further findings. *Weaver v. Kelling*, 18 S.W.3d 525, 529 (Mo.App. W.D.2000).

On remand, the trial court entered its Judgment Pursuant to Appellate Mandate again allowing Mother to relocate to Texas with the children. The court found that relocation was in the best interest of the children because the family income will most likely substantially increase; a consistent visitation pattern will result in a more harmonious, less hectic transfer of custody between the parties; and communication between the parties concerning the children will actually be enhanced. The court also found that neither party had improper motives in requesting or challenging the relocation of the children. Finally, the court found that the new visitation schedule provides Father with a realistic opportunity for visitation that will allow him interaction and input in the children's lives. This appeal by Father followed.

## MODIFICATION OF CUSTODY

Father first claims that the trial court erred in failing to grant him primary physical custody of the children because Mother's proposed move to Texas constituted a change in circumstances that was not in the best interest of the children. In child custody matters, an appellate court gives deference to the trial court's assessment of what serves the best interest of the child and that judgment will not be disturbed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Suffian v. Usher,* 19 S.W.3d 130, 135–136 (Mo. banc 2000); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Thomas v. Thomas,* 989 S.W.2d 629, 633 (Mo.App. W.D.1999). A trial court's determination in a child custody proceeding is given greater deference than in any other type of case. *Suffian,* 19 S.W.3d at 136; *Brandow v. Brandow,* 18 S.W.3d 584, 587 (Mo. App. W.D.2000). The evidence and inferences drawn therefrom are viewed in a light most favorable to the judgment. *Suffian,* 19 S.W.3d at 136. The judgment of the trial court will not be disturbed unless the welfare of the child requires some other disposition or the judgment is manifestly erroneous. *Brandow,* 18 S.W.3d at 587; *Hicks v. Hicks,* 969 S.W.2d 840, 843 (Mo.App. W.D.1998).

A trial court may not modify a prior custody decree under section 452.410 unless it finds, on the basis of facts that have arisen since the prior decree, that a change has occurred in the circumstances of the child or his custodian and that modification is necessary to serve the best interest of the child. § 452.410.1, RSMo 2000; *Mobley v. Phillips,* 942 S.W.2d 399, 400–401 (Mo.App. W.D.1997). The party awarded custody in the prior decree is presumed to be a suitable custodial parent, and the party seeking to change the custody arrangement bears the burden of proof. *Mobley,* 942 S.W.2d at 401. Remarriage and a new spouse's acceptance of employment in another state may constitute changed circumstances sufficient to modify custody. *Newell v. Rammage,* 7 S.W.3d 517, 521 (Mo.App. W.D.1999). The transfer of custody, however, must still be in the best interest of the child. *Id.; McElroy v. McElroy,* 910 S.W.2d 798, 803 (Mo. App. E.D.1995).

While Mother's relocation of the children to Texas constituted changed circumstances sufficient to modify custody, the record supported the trial court's determination that Mother's retention of primary physical custody of the children was in their best interest. The evidence showed that the primary concern of both parents is the best interest of the children. Although the evidence showed that Father regularly exercised his visitation with the children and frequently participated in their extracurricular activities, it also revealed that Mother has been the children's primary caregiver since their birth. According to Father's testimony, Mother is a good mother. And Mother's husband's new job in Texas will allow her to stay at home with the children when they are not in school. Father failed to overcome the presumption that Mother is a suitable custodian. The trial court's judgment that the best interest of the children required that Mother be allowed to retain primary physical custody was supported by substantial and competent evidence and was not against the weight of the evidence. The point is denied.

## RELOCATION OF CHILDREN TO TEXAS

Next, Father claims that the trial court erred in permitting Mother to relocate with the children to Texas because (1) the court's judgment was against the weight of

the evidence and not supported by substantial evidence and (2) Mother failed to notify him of her proposed relocation as required by section 452.377, RSMo 2000.

The judgment in this case was entered after this court's remand in *Weaver v. Kelling,* 18 S.W.3d 525 (Mo.App. W.D.2000)(*Weaver I* ). In *Weaver I,* the trial court's judgment allowing Mother to relocate to Texas with the minor children was vacated, and the case was remanded with directions to employ the four-factor test, which was originally set out in *Michel v. Michel,* 834 S.W.2d 773, 777 (Mo.App. S.D.1992), to determine if the relocation served the best interest of the children. On remand, the trial court found that relocation was in the best interest of the children, and it made findings of fact and conclusions of law on the four-factor test. Again, the trial court permitted the relocation to Texas.

Recently, however, the Missouri Supreme Court expressly rejected the four-factor test to determine whether relocation is in the best interest of the child. *Stowe v. Spence,* 41 S.W.3d 468, 469 (Mo. banc 2001). The Court explained that the test was applied prior to the 1998 amendment of section 452.377, when courts approved relocation if it was in the best interest of the child. *Id.* The amended statute now provides in relevant part:

9. The party seeking to relocate shall have the burden of proving that the proposed relocation is made in good faith and is in the best interest of the child.

10. If relocation is permitted:

(1) The court shall order contact with the nonrelocating party including custody or visitation and telephone access sufficient to assure that the child has frequent, continuing and meaningful contact with the nonrelocating party unless the child's best interest warrants otherwise; and

(2) The court shall specify how the transportation costs will be allocated between the parties and adjust the child support, as appropriate, considering the costs of transportation.

§ 452.377.9 and .10, RSMo 2000. The Court held that *Michel's* four-factor test is inconsistent with the statutory requirements of section 452.377 and shall not be used in determining the child's best interest. *Stowe,* 41 S.W.3d at 469. In lieu of the test, section 452.377 now requires a court to determine that a proposed relocation (1) is in the best interest of the child, (2) is made in good faith, and (3) if ordered, complies with the requirements of subsection 10. § 452.377.9 and 10, RSMo 2000; *Stowe,* 41 S.W.3d at 469.

Although the trial court applied the four-factor test in this case at the direction of this court, the trial court's judgment allowing relocation to Texas complied with the requirements of the amended section 452.377. *See Abernathy v. Meier,* 45 S.W.3d 917, 924–925 (Mo.App. E.D.2001)(simply because a trial court also applies the *Michel* test does not require reversal if the court's judgment does not violate the statute and properly considers all relevant factors). First, the trial court found that relocation was in the children's best interests. Such finding was supported by substantial evidence in the record and was not against the weight of the evidence. As discussed under the first point, evidence was introduced that Mother has been the children's primary caregiver since their birth, and according to Father's testimony, Mother is a good mother. The evidence also showed that Mother's new husband, who had been employed by Yellow Freight System for nineteen years, received a promotion within the company that required his transfer to Texas. He was promoted from shift operations manager to general operations manager, which

included a pay increase of $7000 per year in his base salary and a potential to earn an additional 40% of his salary in bonuses. Mother testified that her husband's new job will allow her to stay at home with the children when they are not in school. Furthermore, even before Mother's new husband was offered and accepted the promotion, Mother sought to modify Father's visitation schedule. At trial, Mother testified that the then existing hectic transfer of custody for visitation was not in the children's best interest and the children's activity schedules made Father's visitation unworkable. The trial court found that relocation to Texas with a consistent, established visitation schedule will result in a more harmonious transfer of custody and in enhanced communication between the parties. The record provided substantial evidence to support the trial court's finding that relocation is in the children's best interest.

Next, the trial court found that Mother's request to relocate to Texas was sincere and based on her desire to provide the best possible standard of living for her children. This finding was also supported by substantial evidence in the record and was not against the weight of the evidence. Mother testified that her primary concern was for the children's best interest. While Mother testified that the communication between Father and her was not satisfactory and that Father was often controlling and manipulative, she also testified that Father's equal participation in the decision making for the children was important. Furthermore, Mother testified that her motive in moving the children to Texas was to be with her new husband and to provide the children with a more stable environment. As previously noted, Mother sought modification of Father's visitation schedule before her husband received his promotion citing Father's disruptive "back and forth" visitation schedule. Such evidence supports a finding that the proposed relocation was made in good faith.

 Finally, the relocation ordered by the trial court complies with the requirements of section 452.377.10. Under the parties' original joint custody agreement adopted by the trial court in 1995, Father had visitation with the children Saturday overnight, Monday overnight, and Thursday mornings. He also frequently attended the children's sporting events during the week. Father argues that relocation of the children to Texas will preclude him from exercising similar visitation rights. "Although a child's move to another state obviously complicates the noncustodial parent's visiting the child, interference with the noncustodial parent's visitation privileges is not an 'insuperable obstacle'." *Shaw v. Shaw*, 951 S.W.2d 746, 749 (Mo.App. W.D.1997)(quoting *Simpher v. Simpher*, 770 S.W.2d 488, 489 (Mo.App. E.D.1989)). "In our highly mobile society, it is unrealistic to inflexibly confine a custodial parent to a fixed geographical area, if removal to another area for reasons such as change of employment, remarriage, etc., is consistent with the best interest of the minor children." *In re Marriage of Greene*, 711 S.W.2d 557, 564 (Mo.App. S.D. 1986). In allowing Mother to relocate to Texas with the children, the trial court determined a new visitation schedule for Father that included one weekend per month and most of the children's summer, Christmas, and spring breaks subject to visitation during those periods with Mother. Transportation costs for such visitation were allocated between the parties. Mother also testified that Father could visit the children any time he was in Texas. While the move to Texas will prevent Father from seeing the children during the week and participating in their daily activities, the new visitation schedule declared by the trial court is adequate to provide

Father with frequent, continuing, and meaningful contact with his children.

Accordingly, the trial court's judgment allowing Mother to relocate with the children to Texas satisfied the requirements of section 452.377, was supported by substantial evidence in the record, and was not against the weight of the evidence. The point is, therefore, denied.

Father also claims that the trial court erred in permitting Mother to relocate to Texas with the children because Mother failed to notify him of her proposed relocation as required by section 452.377. The notice provision of the relocation statute provides:

> 2. Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, written notice shall be provided at least sixty days in advance of the proposed relocation. The notice of the proposed relocation shall include the following information:
>
> > (1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;
> >
> > (2) The home telephone number of the new residence, if known;
> >
> > (3) The date of the intended move or proposed relocation;
> >
> > (4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and
> >
> > (5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

§ 452.377.2, RSMo 2000. The purpose of the notice provision of section 452.377 is to give a party entitled to custody or visitation of the child the opportunity to challenge the relocation by filing a motion seeking an order to prevent the relocation. § 452.377.7, RSMo 2000.

Generally, one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice. *Crawford v. Crawford*, 986 S.W.2d 525, 528 (Mo.App. W.D.1999); *Gateway Frontier Properties, Inc. v. Selner, Glaser, Komen, Berger and Galganski, P.C.*, 974 S.W.2d 566, 571 (Mo.App. E.D.1998); *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo.App. W.D.1984). "Statutes that impose technical requirements for notice should not be strictly enforced where the party seeking enforcement had actual notice and cannot show prejudice as a result of failure to follow the technical requirements." *Gateway Frontier*, 974 S.W.2d at 571 (citing *Gall*, 666 S.W.2d at 940).

The evidence in this case revealed that Mother and her husband first learned of her husband's job opportunity in Texas the weekend of September 17, 1998. Although a formal offer was not made to Mother's husband that weekend, Mother informed Father of the possibility of relocating with the children to Texas on Sunday, September 19, 1998. On October 15, 1998, Mother filed her Motion for Temporary Removal of Children from the State of Missouri explaining that her husband was offered and had accepted a promotion with his employer on October 5. Mother then filed her Second Amended Motion to Modify Visitation Schedule on November 6, 1998, seeking permission to relocate the children to Texas as of November 29, 1998. Father responded to Mother's motion on November 20, 1998, and filed his Cross–Motion to Modify seeking primary physical custody of the children. While Father did not receive written notice by certified mail of Mother's proposed relocation of the children as required by section 452.377.2, he

did receive actual notice as early as September 19, 1998. He filed his answer to Mother's Second Amended Motion to Modify Visitation challenging the relocation and his own cross-motion seeking primary physical custody of the children. Because Father received actual notice of Mother's intent to relocate to Texas with the children and had the opportunity to challenge the relocation, and did, Father did not suffer any prejudice as a result of Mother's failure to follow the technical requirements of the notice statute. Father may not, therefore, complain of the technical noncompliance of the statute. The trial court did not err in allowing Mother to relocate to Texas with the children. The point is denied.

The judgment of the trial court is affirmed.

SMART, J., and HARDWICK, J., concur.