Gina M. DENT, Petitioner/Respondent,

v.

Charles W. DENT,
Respondent/Appellant.

No. ED 89444.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 25, 2008.

Terry Lee Jones, St. Louis, MO, for Appellant.

William E. Albrecht, Clayton, MO, for Respondent.

BOOKER T. SHAW, Judge.

Appellant Charles W. Dent (Father) appeals the trial court's judgment granting Respondent Gina M. Dent's (Mother) Motion to Modify, awarding Mother sole legal custody of the parties' children, entering a revised Parenting Plan with a new custody schedule, and ordering Father to pay child support. The trial court denied Father's Motion to Modify and Motion for Contempt.

In his sole point on appeal, Father contends the trial court erred in finding Mother's relocation of the parties' children complied with section 452.377 RSMo 2000,[1] in that the judgment is not supported by substantial evidence and the trial court misapplied the law. Specifically, he argues the trial court based its decision to grant Mother sole legal custody on its erroneous finding that she complied with the relocation notice requirements. Mother maintains she satisfied the statutory notice requirements and Father's failure to file a motion under section 452.377 resulted in a permissible non-court ordered relocation. We affirm the trial court's judgment.

## I. Facts and Procedural History

In a February 2001 dissolution judgment, the parties were awarded joint legal and physical custody of their two children. Following that judgment, Father has continuously resided in the marital home in St. Louis. Mother relocated within St. Louis, where both children attended St. Ambrose School and then Shaw School for the completion of the spring 2006 semester. In February 2006, Mother became engaged, and she and the children began spending nights at Mother's fiancé's home in Wildwood, whenever Mother had physical custody.

In April 2006, Mother sent Father a letter notifying him of her plans to marry and relocate the children to Wildwood, providing the address and phone number, the proposed date of the move, and her intention to enroll the children in the Rockwood School District. Father received Mother's certified-mail letter on April 21, 2006. Father sent Mother a letter dated May 11, 2006, demanding she return to her residence in St. Louis. On July 24, 2006, Mother filed a motion to modify. Father filed a motion to modify and a motion for contempt on August 8, 2006. The trial court granted Mother's motions and denied Father's motions. Father appeals.

## II. Discussion

We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court is afforded greater discretion in determining child custody than in other matters and we presume the trial court considered all evidence and awarded custody in accordance with the best interests of the child. *Reisinger v. Reisinger*, 125 S.W.3d 879, 883 (Mo.App. E.D.2004)(internal citations omitted).

Section 452.377 governs the relocation of children in Missouri. *Melton v. Collins*, 134 S.W.3d 749, 752 (Mo.App. S.D. 2004). Relocation is defined as a change in the principal residence of a child for a period of ninety days or more, but does not include a temporary absence from the principal residence. Section 452.377.1. A parent desiring relocation is required to give written notice to the other parent at least sixty days in advance of the proposed

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

relocation. Section 452.377.2. After providing the requisite notice, the proposed relocation may occur, unless the other parent files a motion to prevent the relocation within thirty days after receipt of such notice. Section 452.377.7. The non-relocating parent waives any objection to the relocation by failing to object in a timely manner, giving the relocating parent an absolute right to relocate with the child, without the permission of the non-relocating parent or the court. *Melton,* 134 S.W.3d at 753 (internal citations omitted).

■ Father contends that Mother's April 2006 letter cannot be considered statutory notice of Mother's relocation because she had already relocated. We disagree. There was ample evidence before the trial court that in April 2006 Mother maintained her principal residence in St. Louis, and that she and her fiancé put a deposit on a home to be constructed in the area. After changing her mind about building a home, Mother gave notice of her decision to permanently relocate with the children to her fiancé's home. This evidence supports the trial court's finding that Mother did not intend to permanently relocate to her fiancé's home until April 2006. Until that time, Mother's absences from the home were temporary, and therefore notice was not required under section 452.377. Thus, Mother's letter to Father complied with the statutory notice requirements of section 452.377.

■ Father's motion to modify, even if construed as a motion to prevent relocation, was not filed until August 8, 2006, after the thirty day period to file a motion had expired. Therefore, Father waived any objection to the relocation and Mother had an absolute right to relocate the children. Point I is denied.

## III. Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.