**In re the Marriage of: Susan Z. ABRAHAM, Petitioner–Appellant,**

v.

**John L. ABRAHAM, Respondent–Respondent.**

No. SD 31099.

Missouri Court of Appeals, Southern District, En Banc.

Oct. 26, 2011.

J. Matthew Miller, Springfield, for Appellant.

James R. Sharp, Springfield, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Susan Z. Abraham ("Mother") appeals from the trial court's judgment sustaining John L. Abraham's ("Father's") motion to prohibit her attempted move with their minor child. Mother contends she had an absolute right to move with the minor child because Father's motion was not filed

within thirty days of the receipt of the notice of relocation and that her notice of relocation complied with section 452.377[1] and, therefore, the trial court was without jurisdiction to hear Father's objection to the relocation.

Father and Mother were granted a dissolution in April 2006; the parties were granted joint legal and physical custody of the minor child born of the marriage. At the time of the dissolution, all of the parties resided in Springfield, Missouri. Mother relocated to Columbia, Missouri, in August 2007, for employment in Fulton, Missouri. The parties apparently agreed to a change in the parenting schedule at that time without court involvement.

Mother sent a letter by certified mail on September 13, 2010, in which she proposed to relocate the residential address of the child to Orlando, Florida. Father received the letter on September 14, 2010, and filed a motion to prohibit the relocation on October 22, 2010; on November 4, 2010, Father filed a motion to modify[2] the decree. Mother filed a motion to dismiss Father's motion to prohibit relocation, in which she argued that his motion was filed eight days after the thirty-day period set forth in section 452.377.7 expired and, therefore, she had an absolute right to move with the minor child to Florida. The trial court denied Mother's motion to dismiss on the basis that the notice was inadequate and thus did not address the legal significance of Father's late filing of his motion to prohibit the relocation of the child.[3] We agree and affirm the judgment.

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. The docket sheet reflects that the circuit court created a "subcase" with the motion to modify in the file with the motion to prohibit the move.

3. Mother's contention that the trial court could not even consider Father's Motion to Prohibit Relocation because it was untimely would provide a rare situation in that the trial court could not extend a filing deadline for filing of a pleading or could not consider the facts in a child custody case for any reason. *See Weaver v. Kelling*, 53 S.W.3d 610, 616–17 (Mo.App. W.D.2001) (Mother's failure to give notice pursuant to section 452.377 was not required when Father received actual notice in the filing of motions to modify visitation, had an opportunity to challenge the relocation, and did not suffer any prejudice as a result of the failure to follow the technical requirements of the statute.); *Crawford v. Crawford*, 986 S.W.2d 525, 527–28 (Mo.App. W.D.1999) (Mother held to have actual notice even though Father failed to serve Mother or her attorney in compliance with Rule 43.01(a), as attempted service was dated fifteen days before a countermotion was filed. The court noted the "spirit behind procedural rules such as Rule 43 is to '... ensure the orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice.' "); *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo.App. W.D. 1984) (lack of written notice in a foreclosure proceeding required by section 443.325.3 did not prejudice appellant who had actual notice of the sale); *Heintz v. Woodson*, 758 S.W.2d 452, 453 (Mo. banc 1988) (noncompliance with the notice requirements of Rules 76.17 and 43.01(g) did not warrant reversal because appellant had actual notice of the sale, was present at the sale, and suffered no prejudice by the failure to follow the technical rule requirements); *McAllister v. Garrett*, 591 S.W.2d 31, 33–34 (Mo.App. S.D.1979) (appellant was not prejudiced when the technical requirements of section 443.270 were not followed during a sheriff's sale and a general execution was issued when a special execution was called for by statute); *see also Woodley–Griggs Boiler Repair, Inc. v. Sanders*, 626 S.W.2d 410, 412 (Mo.App. W.D.1981) (citing *McAllister*, 591 S.W.2d at 33–34 for discussion on section 443.270, appellant was not prejudiced when a general execution was issued but a special execution was called for by the technical requirements of the statute). See additionally the well-reasoned and thoughtful concurring opinion of Judge Bates.

■ This Court's review of a trial court's judgment denying or granting a motion to relocate a minor child is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); therefore, we will affirm the trial court's ruling if it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Cortez v. Cortez,* 317 S.W.3d 630, 633–34 (Mo.App. S.D.2010).

Section 452.377 states, in pertinent part:

1. For purposes of this section and section 452.375, **"relocate"** or **"relocation"** means a change in the principal residence of a child for a period of ninety days or more, but does not include a temporary absence from the principal residence.

2. Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, written notice shall be provided at least sixty days in advance of the proposed relocation. The notice of the proposed relocation shall include the following information:

(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

Mother relies upon *Baxley v. Jarred,* 91 S.W.3d 192, 199 (Mo.App. W.D.2002), for the proposition that there are only two modes by which a parent is permitted to relocate with a child. In the first instance, the "non-court-ordered" track, if the non-relocating parent does not object by filing a motion with the court within a strictly enforced thirty days, the relocating parent has an absolute right to relocate. The second mode contemplates a properly filed objection within thirty days and a subsequent court order allowing the relocation based upon a determination that the proposed relocation is being made in good faith and is in the best interest of the child. Mother quotes *Baxley:*

> While clearly recognizing the need of the nonrelocating parent for notice and an opportunity to be heard before relocation is permitted, the statute, by limiting the time within which a nonrelocating parent can object to a proposed relocation, also recognizes that the relocating parent should not be unduly delayed from relocating where the nonrelocating parent does not affirmatively object in a timely fashion.

*Id.*

■ Mother claims that this case comes within the "non-court-ordered" track because she contends her notice was in compliance, or at least substantial compliance, with section 452.377 and that, as a result, Mother had an "absolute right to relocate." Mother claims that "strict compliance" with the elements of a relocation letter is not required; she further argues that any ambiguities complained about in the letter did not prejudice Father. Father challenged the contents of Mother's relocation letter and argued that, if strict compliance with section 452.377 is required for the party opposing relocation, then it is also

required for the party proposing relocation.[4] We agree.

In so finding, this opinion is in conflict with *Baxley* and its progeny. We believe the legislature intended that the date for any legal obligation to begin for the nonrelocating party was the date of the receipt of the certified letter which strictly complies with the provisions of the statute; it was intended as a bright line for parents, practitioners and the court. To hold otherwise causes confusion in the courts and the practicing bar as to whether a motion to prevent relocation needs to be filed.[5] Parents should not have to file motions to prevent relocation based on rumors of potential moves. As noted in *Melton v. Collins*, 134 S.W.3d 749, 756–57 (Mo.App. S.D. 2004) (Rahmeyer, J., concurring):

> The legislature set forth a specific procedure for a parent who seeks to relocate with a minor child. In pertinent part, Section 452.377.2 states: "Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing *by certified mail, return receipt requested*, to any party with custody or visitation rights." (emphasis added). The requirement that the notice be by certified mail is restated in Section 452.377.11:
>
>> After August 28, 1998, every court order establishing or modifying custody or visitation shall include the following language: 'Absent exigent circumstances as determined by a court

with jurisdiction, you, as a party to this action, are ordered to notify, in writing by *certified mail, return receipt requested,* and at least sixty days prior to the proposed relocation, each party to this action of any proposed relocation of the principal residence of the child, including the following information.' (emphasis added).

The language continues, "your failure to notify a party of a relocation of a child may be considered in a proceeding to modify custody or visitation with the child." § 452.377.11. Without citing to any authority, and with serious consequences to the parent who did not receive the authorized notice, the *Baxley* court waived the requirement that the notice be by certified mail. *Baxley,* 91 S.W.3d at 205. To compound the matter, after refusing to require the relocating parent to strictly comply with the statute, the *Baxley* court then [inexplicably] required strict compliance by the non-relocating parent in the filing of an objection within thirty days of receiving notice. *Id.* at 206. Because the father did not file an objection with[in] thirty days, the court reasoned that mother, as a matter of law, could move the child out of state and not even the court could challenge that decision. *Id.* That conclusion is simply not warranted by the plain language of the statute, nor by the intent of the statute,[1] and leads us to the present case wherein a parent claims that any sort of "actual notice" waives the statutorily-mandated notice and al-

4. Both parties admit that Father actually objected to the proposed move as soon as he heard about it; however, Father contends he hired an attorney who failed to file his written objection in a timely manner. Father's appellate counsel is not the same attorney who handled the proceedings in the lower court.

5. We note the anomaly that could occur if the nonrelocating party files a motion to prevent

relocation in the absence of any notification of relocation letter. Does section 452.377 anticipate the filing of a motion to prevent relocation in that situation? We leave that for another day but simply note that, if there is not a valid notice of relocation, the question remains whether the motion to prevent relocation is viable.

lows relocation as a matter of law, a relocation that is essentially unreviewable by the court. *See In re Wright*, 129 S.W.3d 882 (Mo.App.W.D.2004); *see also Heslop v. Sanderson*, 123 S.W.3d 214 (Mo.App. W.D.2003).

*Id.*

If, indeed, section 452.377 grants "an absolute right to relocate the residence of the child, without the express consent of the [other parent] or court order," *Baxley*, 91 S.W.3d at 205, the notice requirement of section 452.377 must be strictly complied with.[6] When section 452.377 is read in harmony with the public policy of the State to provide frequent, continuing and meaningful contact with both parents, pursuant to section 452.375.4, RSMo Cum. Supp.2011,[7] we find the trial court did not err in requiring strict compliance by Mother in her notice.

■ We next address Mother's claim that the trial court's finding that her notice was inadequate is erroneous. She claims that her notice was in actual or substantial compliance with section 452.377. We have reviewed the trial court's determination that the notice was not in strict compliance with section 452.377 and find no error. Mother admits that she did not give Father the actual, specific address and mail-ing address of her intended new residence but rather claims that her statement that she would move to "Orlando, Florida" was sufficient. To reach that conclusion, Mother ignores the language "if known," as set forth in section 452.377.2(1). Mother indicated in her letter that she did not have a specific mailing address in Orlando at the time of the letter; however, there was evidence from which the trial court could have found that Mother indeed knew where in Orlando, Florida, she was moving and that she failed to inform Father of that location.

Mother admitted it was always her intention to reside at a temporary home and then to move in with her future fiance after she was married, presumably ninety days after the notice. Mother's fiance testified that he and Mother had decided to live together in Orlando around May or June of 2010, two or three months before Mother sent the relocation letter. Clearly, the statutory purpose of requiring an actual address and a mailing address is for the benefit of the nonrelocating party; a parent should be informed where his/her child will be living. Only in rare circumstances would it suffice to simply state the city and state. Mother knew her fiance's address but did not provide that information in the

6. While the concurring opinion sets forth persuasive and logical reasons for the fundamental proposition in *Baxley* of two modes by which a parent can remove the minor child contrary to a court-ordered visitation schedule, the majority opinion addresses only the issue before it: whether substantial compliance is sufficient for the re-locating parent but strict compliance is necessary for the nonrelocating parent.

7. Section 452.375.4, RSMo Cum.Supp.2011, states:

The general assembly finds and declares that it is the public policy of this state that frequent, continuing and meaningful contact with both parents after the parents have separated or dissolved their marriage is in the best interest of the child, except for cases where the court specifically finds that such contact is not in the best interest of the child, and that it is the public policy of this state to encourage parents to participate in decisions affecting the health, education and welfare of their children, and to resolve disputes involving their children amicably through alternative dispute resolution. In order to effectuate these policies, the court shall determine the custody arrangement which will best assure both parents participate in such decisions and have frequent, continuing and meaningful contact with their children so long as it is in the best interests of the child.

letter and Father was not advised where his daughter would be living. The trial court did not err in finding that Mother did not strictly comply with the statute and the relocation notice did not comply with section 452.377. Mother's point is denied.

The judgment is affirmed.

BURRELL, C.J., BARNEY, J., LYNCH, J., concur.

BATES, J., concurs in result and in separate opinion concurring in result.

SCOTT, J., concurs in result and in J. BATES' opinion concurring in result and in separate opinion concurring in result.

FRANCIS, J., concurs in result and in J. BATES' opinion concurring in result.

JEFFREY W. BATES, Judge, concurring in result.

The provisions of § 452.377 impose certain procedural obligations upon a parent seeking to relocate the principal residence of a child and upon a parent who objects to such relocation. In a perfect world, all parties would comply with their statutory obligations, and this Court would review the decision on the merits to determine whether the parent seeking relocation met his or her burden of proof on the two issues set out in § 452.377.9. *See, e.g., Mantonya v. Mantonya,* 311 S.W.3d 392, 400–02 (Mo.App.2010); *Swisher v. Swisher,* 124 S.W.3d 477, 480 (Mo.App.2003). Unfortunately, noncompliance with the requirements of § 452.377 is all too common, and appellate courts are required to decide

what effect, if any, such noncompliance has on the outcome of the case.

Here, the trial court reached the merits of the action and concluded that Mother failed to meet her burden of proof that relocation was in the best interest of the minor child. On appeal, Mother argues that the trial court never should have reached the merits because Father's motion to prohibit relocation was untimely. Mother's argument is based upon *Baxley,* which held that a parent had the absolute right to relocate if the other parent failed to timely file a motion objecting to the relocation. *Baxley v. Jarred,* 91 S.W.3d 192, 205 (Mo.App.2002). Because I believe *Baxley* incorrectly decided this issue, I am not persuaded by Mother's argument.

My review of the procedural requirements in § 452.377 leads me to the conclusion that the requirements for the initial notice, a motion and affidavit opposing relocation and required response merely provide a mechanism for promptly framing the merits of the relocation issue for the parties and the trial court.[1] As explained by our Supreme Court in *Heintz v. Woodson,* 758 S.W.2d 452 (Mo. banc 1988):

> Procedural rules are but the means through which we seek to ensure the fair and orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason, we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice.

*Id.* at 454.

In two cases decided before *Baxley,* this prejudice principle was applied to deter-

---

1. The only express penalties which the legislature established for violating any provision of § 452.377 are found in subsection 12. In relevant part, it states that "[v]iolation of the provisions of this section ... may be deemed a change of circumstance under section

452.410, allowing the court to modify the prior custody decree. In addition, the court may utilize any and all powers relating to contempt conferred on it by law or rule of the Missouri supreme court." § 452.377.12.

mine the effect of noncompliance with the notice provision of § 452.377.2.

In *Kell v. Kell*, 53 S.W.3d 203 (Mo.App. 2001), the mother failed to send the notice to the father by certified mail, as required by § 452.377.2. Instead, she filed a notice of proposed relocation which was served upon the father's counsel and sent by regular mail to the father. The father's counsel filed a motion to dismiss based upon the mother's noncompliance with the statute's notice provisions. The trial court denied the motion and ruled for the mother on the merits. On appeal, the father argued that the trial court erred by not dismissing the action because of the mother's noncompliance. *Id.* at 205–09. On appeal, the eastern district of this Court denied relief because "[the father] had a full hearing on the issue of the proposed relocation prior to the relocation. [He] has not demonstrated he was prejudiced or was unable to prepare for the relocation hearing." *Id.* at 209.

In *Weaver v. Kelling*, 53 S.W.3d 610 (Mo.App.2001), the mother also failed to send the notice by certified mail as required by § 452.377.2. The father filed a motion to dismiss based upon the deficient notice. The trial court denied the motion and ruled for the mother on the merits. On appeal, the father argued that the trial court erred in allowing relocation because the mother's notice was deficient. *Id.* at 616. The western district of this Court denied relief:

> Because Father received actual notice of Mother's intent to relocate to Texas with the children and had the opportunity to challenge the relocation, and did, Father did not suffer any prejudice as a result of Mother's failure to follow the technical requirements of the notice statute. Father may not, therefore, complain of

the technical noncompliance of the statute.

*Id.* at 617.

In *Baxley*, the father received written notice by regular mail on February 29, 2000, that the mother intended to relocate. Because the letter was not sent by certified mail, it did not comply with the notice provisions of § 452.377.2. *Baxley*, 91 S.W.3d at 195. On March 13, 2000, the father sent a letter to the mother stating that he opposed the relocation. *Id.* at 205. Thus, the mother had actual notice that the father intended to object to the relocation. The father's motion to relocate, however, was not filed until May 2, 2000. *Id.* at 206. The trial court ruled in favor of the father and denied permission to relocate. *Id.* at 196. In assessing the effect of the mother's noncompliance with the notice requirements in § 452.377.2, the western district continued to use a prejudice-based analysis. The mother's noncompliance was excused because the father was not prejudiced, in that he had actual notice of the proposed relocation of the child. *Id.* at 205. When dealing with the father's noncompliance with the timing requirements in § 452.377.7, however, the western district inexplicably abandoned a prejudice-based analysis and instead relied upon a waiver-based theory to overturn the trial court's judgment. *Id.* at 204–05. Thus, two similarly situated litigants, each of whom failed to comply with the same statute in a different way, were treated very dissimilarly. The mother's noncompliance was excused, but the father's noncompliance meant that he waived the right to contest the relocation issue on the merits.

I disagree with that approach. "Waiver is the intentional relinquishment of a known right. If waiver is implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish

the right." *O'Connell v. School Dist. of Springfield R–12*, 830 S.W.2d 410, 417 (Mo. banc 1992). In *Baxley*, it was undisputed that the mother had actual notice of the father's objection to the proposed relocation. Thus, the father's conduct did not clearly and unequivocally show a purpose to relinquish his right to object to the child's relocation. Nevertheless, the western district purportedly applied a waiver-based theory to preclude both the father and the trial court from reaching the merits of the relocation issue. In so holding, the western district dispensed with the usual fact-based determination of waiver and instead utilized an implied-in-law waiver, based solely upon the untimeliness of the father's motion. After *Baxley* was decided, the eastern district adopted this waiver-based analysis as well. *See, e.g., Dent v. Dent*, 248 S.W.3d 646, 648 (Mo. App.2008).

I agree with the majority opinion that *Baxley* was wrongly decided and that our decision to affirm creates a conflict among the districts. I disagree, however, with the proposition that a parent seeking to relocate must strictly comply with the notice provisions in § 452.377.2. In my view, the effect of noncompliance with the statutory procedures in § 425.377 by either parent should be determined using a prejudice-based analysis.

For the reasons expressed in the majority opinion, I agree that Mother's notice did not comply with the requirements of § 452.377.2 concerning the specific address of the intended new residence. I also do not find Mother's statement that she intended "to relocate [the minor child's] address from 60–90 days within the date of this notice" to comply with the require-

ment in § 452.377.2(3) that Mother's notice include "[t]he date of the intended move or proposed relocation[.]" Mother's noncompliance, however, caused no prejudice to Father because he was fully prepared to litigate the relocation issue on the merits and did so. Likewise, Father's motion did not comply with the requirements of § 452.377.7 because it was filed 38 days after Father received Mother's notice. Nevertheless, Mother had actual notice that Father objected to the relocation, and his noncompliance caused no prejudice to Mother. She was fully prepared to litigate the relocation issue on the merits and did so. At the conclusion of the trial, the commissioner stated:

> Let me say this while I have you on the record still. These types of cases are the most difficult cases that I have to deal with. They're also the most difficult cases that your attorneys have to deal with. You should both be very pleased with the representation you've had today. Oftentimes when these cases are over my job is easy because one side or the other didn't give me what I needed. That's not the case today. In fact, their good work has my decision even more difficult, so you should both be pleased with that today.

Because neither party was prejudiced by the other party's noncompliance with the various provisions of § 452.377, I believe the judgment should be affirmed. Therefore, I concur in the result.

DANIEL E. SCOTT, Judge, concurring in result.

I concur in the result and in Judge Bates' opinion. I do not know what *Baxley, et al.,* mean by an "absolute right" to relocate, or why it should be so.[1]

---

1. Cases expressly citing this "absolute right" come from all three appellate districts. In order of decision, they include *Baxley v. Jarred*, 91 S.W.3d 192, 205 (Mo.App.2002);

*Heslop v. Sanderson*, 123 S.W.3d 214, 219 (Mo.App.2003) (citing *Baxley* ); *Wright ex rel. McBath v. Wright*, 129 S.W.3d 882, 887 (Mo. App.2004) (following *Baxley* ); *Melton v. Col-*

There is no "absolute right" to judgment by default in actions for money or other relief, and no "absolute right" to keep such a judgment, if obtained.' To the contrary, the law's distaste for default judgments is beyond cavil, and is even greater when child custody is involved, because the welfare of the child is paramount. *Dozier v. Dozier*, 222 S.W.3d 308, 311 (Mo.App. 2007).

Assume for *Baxley* purposes that Mom gets a 60–day (or maybe a 180–day) relocation notice. It warns nothing about "30 days" or *Baxley*'s rule because no case or statute requires this. In good faith, Mom spends 30 days trying to work something out with Dad. Failing this, she goes to a lawyer, who files a motion within the week.

- Does Dad have an "absolute right" to relocate the child cross-country?

- Is there, or should there be, any room for considerations such as these:
  - Length of delay?
  - Reason for delay? [2]
  - Prejudice, if any?
  - The child's best interests?

*lins,* 134 S.W.3d 749, 753 (Mo.App.2004) (citing *Baxley* ); *Dent v. Dent,* 248 S.W.3d 646, 648 (Mo.App. E.D.2008) (citing *Melton* ); *Cortez v. Cortez,* 317 S.W.3d 630, 631 (Mo.App. S.D.2010) (citing *Dent* ).

2. Perhaps Mom was delayed a few days while her attorney was on vacation, or she was strapped for money to hire a lawyer, or she was hospitalized, or she was showing sensitivity to a sudden tragedy in Dad's life, or her town got hit by a tornado.