

# In the
# Missouri Court of Appeals
# Western District

JUDON A. FLEMING,

                Appellant,

v.

FRANK A. FLEMING,

                Respondent.

WD76403

OPINION FILED:

JUNE 10, 2014

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Jack Richard Grate, Jr., Judge**

**Before Division One: Joseph M. Ellis, PJ. Karen King Mitchell, Anthony Rex Gabbert, JJ.**

Judon Ungerer ("Mother"), formerly Fleming, appeals the circuit court's order modifying the dissolution of marriage judgment and awarding Franklin Fleming ("Father") sole physical and legal custody of their child, child support, and attorney's fees. Mother raises three points on appeal. First, Mother argues that the circuit court erred in denying her motion to modify the dissolution of marriage judgment on the ground that deficiencies in the notice of relocation she provided Father were insufficient to render it fatally defective. Second, Mother argues that the circuit court erred in restricting her rights to the physical custody of her child because the court failed to find that Mother's visitation would endanger the child's physical health or impair his

emotional development, as required by § 452.400.2, RSMo 2000.[1] Lastly, Mother argues that the circuit court erred in awarding $4,200 in attorney's fees to Father because insufficient evidence was presented on the issue for the court to make such an award. We affirm.

## Factual Background

The marriage between Father and Mother was dissolved on December 1, 2009. The couple had one child together and the child is nine years old. In the Judgment of Dissolution of Marriage, both parents were awarded joint physical custody with Mother's address designated as primary for school and mailing purposes. The judgment awarded neither party child support and each parent shared physical custody of the child on a roughly equal basis.

During the summer of 2011, Mother remarried and provided an oral notice to Father of her intention to relocate the child to Hawaii with her new husband. Father objected to the relocation. A hearing was held on the matter on February 8, 2012. The court entered an order on February 20, sustaining Father's objection to the relocation. In its order, the court stated that Mother failed to give written notice of relocation and that it was not in the best interest of the child to be relocated to Hawaii.

On July 23, 2012, Mother sent a certified letter to Father containing a notice of relocation. The letter stated when Mother moved, why Mother moved, her new address, and a statement about a revised parenting plan but no proposed parenting plan was attached. Father did not respond to Mother's letter.

On October 28, 2012, while the child was attending a church sponsored Halloween party, Mother took the child. The following day, she flew the child to Hawaii. On March 22 and 25,

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, updated through the 2013 cumulative supplement, unless otherwise noted.

2

2013, a hearing was held regarding motions filed by both parents to modify the dissolution of marriage judgment. The court modified the judgment and awarded Father sole physical and legal custody of the child. The court also awarded Father child support and attorney's fees. Mother appeals the modification.

**Standard of Review**

This Court reviews a trial court's judgment on a motion for relocation of a child to determine whether the judgment is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law. *Allen ex rel. Allen v Gatewood*, 390 S.W.3d 245, 249 (Mo. App. 2013) (citations omitted). We view the evidence in the light most favorable to the circuit court's judgment and defer to the court's credibility determinations. *Id.* "A trial court's determination in a child custody matter is given more deference than in any other type of case." *Henry v. Henry*, 353 S.W.3d 368, 371 (Mo. App. 2011) (citing *Mantonya v. Mantonya*, 311 S.W.3d 392, 395 (Mo. App. 2010)).

**Relocation of Child**

In Mother's first point on appeal, she argues that the circuit court erred in denying her motion to modify on the ground that her notification of relocation was technically deficient and in prohibiting her from relocating the child to Hawaii. Mother contends that the deficiencies were insufficient to render it fatally defective because (1) § 452.377.2 requires a notice of relocation when any party entitled to custody or visitation of the child relocates; (2) Father failed to file a timely motion seeking an order to prevent the relocation; and (3) Father was informed of Mother's intentions as to the child's relocation. We find no error.

Section 452.377 governs the relocation of a child in Missouri. *Herigon v. Herigon*, 121 S.W.3d 562, 565 (Mo. App. 2003). Under § 452.377.2, the relocation notice must be given in

3

writing by certified mail at least sixty days in advance of the proposed relocation. Additionally, § 452.377.2 requires that the written notice of the proposed relocation include the following information:

(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

After the notification has been received, the non-relocating parent has thirty days to file a motion to prevent relocation. § 452.377.7. "The non-relocating parent waives any objection to the relocation by failing to object in a timely manner, giving the relocating parent an absolute right to relocate with the child, without the permission of the non-relocating parent or the court." *Dent v Dent*, 248 S.W.3d 646, 648 (Mo. App. 2008). However, before the relocating parent has an absolute right to relocate the child under § 452.377, the relocating parent must first demonstrate that the relocation notice strictly complied with the requirements of § 452.377.2. *Abraham v. Abraham*, 352 S.W.3d 617, 621 (Mo. App. 2011).

Here, the record reflects that Mother's written notice did not strictly comply with the requirements of § 452.377.2. First, the written notice failed to reference the child relocating or when the Mother intended to relocate the child. § 452.377.2(3). Mother's notice stated that the letter was a "Notification of Relocation of Primary Residence." The letter then stated Mother's new address, telephone number, the date she moved, and reason for relocation. Second,

4

Mother's written notice failed to provide a proposed schedule of custody or visitations with the child. § 452.377.2(5). In this regard, the letter simply stated: "I have proposed two parenting plans. Based on the inability to agree on times and duration, a plan still needs to be determined." However, neither of the two proposed parenting plans was provided with the letter. In essence, the written notice is no more than a letter to Father informing him, as required by § 452.377, that Mother had moved.[2] Therefore, Mother's written notice of relocating the child did not strictly comply with § 452.377 because the notice failed to reference the child relocating, when the child was to be relocated, or provide a proposal for a revised schedule of custody or visitations. Thus, we find no error. Point one is denied.

## Modification of Child Custody

In Mother's second point on appeal, she argues that the circuit court erred in restricting Mother's rights to the physical custody of her child because the original dissolution judgment allowed her sole physical custody of her child for approximately 182 days per year but the trial court reduced her time with her child to 71 days plus alternate Christmas breaks. Mother contends that the court's ruling is legally erroneous because § 452.400.2 provides that the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development and the trial court made no such finding. We find no error.

Section 452.400.2 provides, in pertinent part, that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the

---

[2] Section 452.377.2 states that "[n]otice of a proposed relocation of the residence of the child, *or any party entitled to custody or visitation of the child,* shall be given in writing…" (emphasis added). Thus, proper written notice is required if any party who has custody or visitation of the child relocates. Here, Mother had joint custody with Father. Mother moved to Hawaii. Under this section, she is required to provide Father with notice of her relocation.

5

child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his or her emotional development." The original dissolution agreement granted Mother and Father joint physical and legal custody of the child. The modification judgment granted sole physical and legal custody to Father. The modification judgment also provided a visitation schedule that would better fit the child's new living arrangement but, as a result, reduced the number of days that Mother could spend with the child. The court further found that the child would not be in danger if Mother's visitations were not supervised. As a result, Mother argues that because the court failed to find that Mother's visitations would endanger the child's physical health or impair his emotional development that the trial court erred in reducing her visitation time with the child. However, Mother's reliance on § 452.400 is misguided.

Section 452.400 "governs an initial award of visitation rights in a dissolution of marriage action. The modification of a custody decree, however, is governed by section 452.410, not 452.400." *In re Marriage of Alred*, 291 S.W.3d 328, 332 (Mo. App. 2009) (citing *Bather v. Bather*, 170 S.W.3d 487, 497 (Mo. App. 2005)). The original dissolution judgment granted Mother joint custody of the child; not visitation rights. Thus, any subsequent change in Mother's parenting time would constitute a modification of her custody; not a modification of visitation. *Id.* Therefore, because the modification judgment ordered a change in custody, not visitation, § 452.400 did not apply.[3] Thus, we find no error. Point two is denied.

---

[3] We also note that "[a] reduction in time of a parent's scheduled visitation is not a 'restriction' of visitation rights and, therefore, does not require a finding of physical endangerment or impairment of emotional development [under section 452.400.2]." *In re Holland*, 203 S.W.3d 295, 300 (Mo. App. 2006) (quoting *Quackenbush v. Hoyt*, 940 S.W.2d 938, 944 (Mo. App. 1997)). Here, Mother's amount of visitation time was reduced but her type of visitation was not. Mother still received unsupervised visitation time with her child. Thus, no finding of endangerment to the child's physical health or impairment to his emotional development was required by the circuit court.

**Father's Attorney's Fees**

In Mother's third and final point on appeal, she argues that the circuit court erred in awarding $4,200 in attorney's fees to Father. Mother contends that there was no evidence to establish (1) how much time Father's attorney spent working on the case and no other evidence was presented to give the court an evidentiary basis for determining an appropriate award of attorney's fees; and (2) there was insufficient evidence to show the financial resources of the parties. We find no error.

Generally, parties to a domestic relations case are responsible for paying their own attorney's fees. *Barancik v. Meade*, 106 S.W.3d 582, 593 (Mo. App. 2003). However, a trial court is given considerable discretion in awarding attorney's fees and an award of attorney's fees will be overturned only upon showing an abuse of discretion. *Aurich v. Aurich*, 110 S.W.3d 907, 916 (Mo. App. 2003). A court abuses its discretion when it awards an amount arbitrarily arrived at without evidence or consideration of all relevant factors. *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 93-94 (Mo. App. 2006). "An award of attorney's fees is presumed to be correct, with the burden on the complaining party to prove otherwise." *In re Gene Wild Revocable Trust*, 299 S.W.3d 767, 782 (Mo. App. 2009).

Section 452.377.5 allows the court to consider a failure to provide proper notice of a proposed relocation of a child as "[s]ufficient cause to order the party seeking to relocate the child to pay reasonable expenses and attorney's fees incurred by the party objecting to the relocation." Here, Mother failed to provide proper notice of the proposed relocation of the child. As a result, Mother's failure to do so is sufficient cause to require her to pay Father's attorney's fees.

Furthermore, contrary to Mother's argument, there was evidence on the record regarding each party's finances and evidence regarding the amount of Father's attorney's fees. The modification judgment stated that there was evidence presented that showed that Mother is an able-bodied woman who is capable of providing the necessary child support and Father's attorney's fees. Regarding Father's finances, the court stated that there was evidence presented to show that Father is without sufficient funds to pay for his attorney's fees and costs of the action. Lastly, Father's counsel presented a legal fee agreement signed between Father and his counsel. This agreement stated that Father would pay his counsel $200 an hour. With this evidence, the court found that $4,200 was a reasonable amount for attorney's fees. While there was no evidence of how many hours Father's counsel actually worked on the case, "courts are considered experts on the question of attorney's fees, and the judge who tries a case and is acquainted with the issues can fix the amount of attorney's fees without the aid of evidence." *In re Marriage of Gardner*, 320 S.W.3d 230, 235 (Mo. App. 2010). Therefore, we find that the court did not abuse its discretion when it awarded $4,200 to Father in attorney's fees because § 452.377.5 allows for attorney's fees when a party fails to provide proper written notice of relocation and there was sufficient evidence on the record to support such an award. Thus, we find no error. Point three is denied.

We conclude, therefore, that the circuit court did not err in finding that Mother's written notice of relocating the child did not strictly comply with § 452.377 because the written notice failed to reference the child relocating, when the child was to be relocated, or provide a proposal for a revised schedule of custody or visitations. We further conclude that the circuit court did not err in modifying the custody decree, despite finding that Mother's visitation would not endanger the child's physical health or impair his emotional development, because § 452.400 did not

8

apply.  Lastly, we conclude that the circuit court did not err in awarding Father $4,200 in attorney's fees because § 452.377 allows for attorney's fees where proper written notice is not given and there was sufficient evidence on the record to support such an award.  We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.

9