MARY W. SHEFFIELD, C.J.
Robert Oliver Peter John Amick (“Father”) appeals from the trial court’s judgment modifying visitation under a parenting plan revised after relocation. The judgment adopted a proposed joint parenting plan which Stephanie G. Smart (“Mother”) had attached to the relocation notice she provided to Father. In his sole point relied on, Father claims the trial court misapplied the law when it granted the motion to modify the parenting plan because Mother’s relocation notice did not strictly comply with Section 452.377.[1] Father’s claim is without merit because Mother’s notice of relocation did comply with the statute. The trial court’s judgment is affirmed.
Factual and Procedural Background
In June 2009, Father was adjudged to be the biological father of P.A.S. (“Child”). The parties were granted joint legal and physical custody of Child, and Mother’s residence was designated Child’s principal residence for mailing and education purposes.
On June 7, 2016, Mother sent a letter (“the relocation notice”) by certified mail informing Father that she planned to relocate Child’s residential address. Among its contents, the relocation notice stated Mother intended to relocate to Chattanoo *370 ga, Tennessee; but did not have a specific address yet. and the relocation would take place sixty days after Father received the notification. Enclosed with the letter was a revised joint parenting plan with changes in visitation. Father received the relocation notice and the proposed joint parenting plan on June 13, 2016, but filed no response.
On July 27, 2016, Mother filed a motion to revise the parenting plan without a hearing under Section 452.377.6. On July 28, 2016, the trial court approved the proposed revised joint parenting plan without a hearing. Over the weekend' spanning Thursday, August 4, 2016, to Monday, August 8, 2016, Mother moved with Child to Chattanooga, Tennessee.
On August 8, 2016, Father filed a motion objecting to. Mother’s relocation notice and a . separate motion to set aside the trial court’s modification judgment. In his objection to Mother’s relocation notice, Father argued the relocation notice did not comply, with Section 452.377.2 because it did not state the specific mailing address for the proposed relocation and because it did not state the specific date of the proposed relocation.
The trial court held a hearing regarding Father’s motion to set aside the judgment in which the trial court specifically considered the sufficiency of Mother’s relocation notice. Both Father and Mother testified at the hearing.[2] Father stated he received the relocation notice and the proposed joint parenting plan but the proposed joint parenting plan had a post-it note on it from Mother which said, “[w]e can discuss and change if needed.” He asserted he objected to the proposed joint parenting plan. Mother testified that when she planned the move she was not certain of the exact address in Chattanooga where she was going to live. Her employer owned and managed rental properties, so while she was trying to find housing closer to Child’s school, she always “knew that there would be a few houses that [she] could choose from.” She did not decide on the exact address until a few days before she moved.
The trial court denied Father’s motion to set aside the judgment. It found Mother’s relocation notice complied with Section 452.377 “in all respects” and determined Father’s objections to Mother’s proposed relocation were filed outside the thirty-day time limit provided by the statute. Father appeals.
Discussion
In his sole point relied on, Father claims:
The trial court erred in granting Respondent’s motion to revise the parenting plan and applicable visitation schedule and relocation of the minor child without a hearing, which was entered by a modification judgment on July 28, 2016, because the trial court misapplied the law, in that, the trial court required strict compliance by both parties with Section 452.377 RSMo, when in fact the notice given by Respondent did not strictly comply with said relocation statute.
Because the relocation notice did not strictly comply with the statute, Father argues that the trial court misapplied the law in requiring his objection to the relocation to be timely filed. This argument is without merit because the relocation notice did comply with the provisions of the statute.
The judgment of the trial court will be affirmed “so long as it is supported by substantial evidence, is not against the *371 weight of the evidence, and does not erroneously declare or apply the law.” Baxley v. Jarred, 91 S.W.3d 192, 196 (Mo. App. W.D. 2002). “In our review, we view the evidence and any reasonable inferences drawn therefrom in the light most favorable to the trial court’s judgment.” Herigon v. Herigon, 121 S.W.3d 562, 565 (Mo. App. W.D. 2003). “Judging credibility and assigning weight to evidence and testimony are matters ‘for the trial court, which is free to believe none, part, or all. of the testimony of any witnesses.’” Kester v. Kester, 108 S.W.3d 213, 218 (Mo. App. S.D. 2003) (quoting Love v. Love, 72 S.W.3d 167, 171 (Mo. App. S.D. 2002)).
Section 452.377 provides the procedure which must be followed when a custodial parent relocates the principal residence of a child. Gaudreau v. Barnes, 429 S.W.3d 429, 432-33 (Mo. App. E.D. 2014). The parent seeking to relocate must give written notice to the non-relocating parent of the proposed relocation. Allen ex rel. Allen v. Gatewood, 390 S.W.3d 245, 249 (Mo. App. W.D. 2013). The notice must be given in writing by certified mail at least sixty days in advance of the proposed relocation and must provide “[t]he intended new residence, including the specific address and mailing address, if known, and if not known, the city”; “[t]he home telephone number of the new residence, if known”; “[t]he date of the intended move or proposed relocation”; “[a] brief statement of the specific reasons for the proposed relocation of a child, if applicable”; and “[a] proposal for a revised schedule of custody or visitation with the child, if applicable.” § 452.377.2(l)-(5) (emphasis add,ed). A child may ]be relocated without permission of the court or the non-relocating parent after this notice is provided to the non-relocating parent unless the non-relocating parent “files a motion seeking an order to prevent the relocation within thirty days after receipt of .such- notice.” § 452.377.7. This is because “[t]he non-relocating parent waives any objection to the, relocation by failing to object in a timely manner[.]” Dent v. Dent, 248 S.W.3d 646, 648 (Mo. App. E.D. 2008).
Here, Mother’s relocation notice complied with the requirements of the statute. Although Mother did not provide a specific address, that information is required only “if known.” § 452.377.2(1). There was evidence from which the trial court could and did determine Mother did not know the specific address at the time she provided her notice. Mother testified that although her employer had housing available for her, she was still trying to locate other housing closer to Child’s school until just a few days before she moved. The trial court was free to believe that testimony, and it is not this Court’s place to reevaluate that credibility determination. See Kester, 108 S.W.3d at 218. The relocation notice provided the city, and Mother did not know the address at that time, so the relocation notice complied with the statute.
Father relies on Abraham v. Abraham, 352 S.W.3d 617 (Mo. App. S.D. 2011), to support his argument that Mother’s failure to provide her exact address violated Section 452.377.2(1). This reliance is misplaced because that case is factually distinguishable.
In Abraham ', the trial court sustained objections to a relocation notice, finding that the notice at issue did not strictly comply with Section 452.377. Id. at 621. There the relocating parent did know the specific mailing address where she was planning to relocate but failed to inform the non-relocating parent of that information. Id. The instant case presents the opposite situation. Here, the trial court found Mother did not know the exact address to which she would be moving. That *372 fact makes a critical difference because under the statute, a precise address is not required if it is not known. § 452.377.2(1). Abraham is not relevant to Father’s claim.
The relocation notice also provided an ascertainable date for the relocation. The relocation notice stated Mother intended “to relocate sixty (60) days after you [ (Father) ] receive this letter.” Father received the notice on June 13, 2016. Sixty days from June 13, 2016, was August 12, 2016.[3]
To support his contrary argument, Father relies on a portion from one of the concurring opinions in Abraham, which found a statement that the parent planned “to relocate [the minor child’s] address from 60-90 days within the date of this notice” did not comply with the statute. Id. at 624 (Bates, J., concurring). Leaving aside the fact that as part of a concurring opinion that language has no binding prec-edential effect, see 21 C.J.S. Courts § 189 (April 11, 2017 Update) (“A concurring opinion, while persuasive, is nonbinding and does not constitute authority under the doctrine of stare decisis.”), Father’s reliance on that reasoning is misplaced because the text of the relocation notice in this case is different. Unlike the range of possible relocation dates in Abraham, Mother provided a set date, sixty days after Father’s receipt of the relocation notice, which could be determined.
The trial court did not misapply the law when it determined Mother’s relocation notice strictly complied with the statute. Father’s sole point is denied.
Decision
The trial court’s judgment is affirmed.
JEFFREY W. BATES, P.J.— CONCURS
DON E. BURRELL, J. — CONCURS

. All statutory references are to RSMo (2000).

. Mother participated in the hearing by phone.

. Father does not raise any challenge on appeal regarding Mother’s premature relocation during the weekend of August 4, through August 8, 2016. 2016,