

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| GENEVIEVE-ANNE GAUDREAU, | ) | No. ED99452 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph S. Dueker |
| RICHARD A. BARNES, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 11, 2014 |

Richard Barnes ("Father") appeals from the trial court's judgment modifying a prior dissolution judgment and child custody decree. We affirm.

## I.  BACKGROUND

On March 20, 2007, a Petition for Dissolution was filed. On July 8, 2008, the marriage between Father and Genevieve-Anne Gaudreau ("Mother") (collectively, "Parents") was dissolved, pursuant to a consent judgment ("Dissolution Judgment") entered by the Circuit Court of St. Louis County. Mother and Father had one minor child ("Minor") (age 2 at time of the entry of the Dissolution Judgment). Included within the Dissolution Judgment was the child custody decree and parenting plan (collectively, "Child Custody Decree"). The Child Custody Decree ordered, *inter alia*, joint legal and physical custody of Minor to both Mother and Father.

As a condition of the joint physical custodial arrangement, the Parents were to alternate custody bi-weekly. During the pendency of the dissolution, Mother moved to Montreal, Canada. The original Child Custody Decree called for the Parents to exercise custody 2 weeks at a time, with a parent flying back and forth from Montreal to St. Louis with the child every 14 days. During the time Minor spent at Mother's residence, Minor would reside in Montreal, Canada; during Father's physical custodial schedule, Minor would reside in St. Louis, Missouri. Father was designated as the "residential parent for mailing purposes only" and was afforded 6 more days of physical custody per year than Mother.

On September 26, 2011, Mother filed a Motion to Modify the Child Custody Decree, requesting she be awarded with sole legal and sole physical custody of Minor, with Minor residing in Montreal, Canada. Father filed a Motion to Dismiss Mother's Motion to Modify ("Motion to Dismiss") on the basis that Mother was requesting to relocate Minor's "principal residence," pursuant to Section 452.377.[1] The trial court denied Father's Motion to Dismiss, finding Missouri's relocation statute was inapplicable.

Father, thereafter, filed a cross-motion to modify the Child Custody Decree, requesting that he be awarded sole physical custody of Minor. After trial on the Parents' respective motions to modify, the trial court continued the existing custodial arrangement awarding joint legal and joint physical custody. However, the trial court determined Mother to be the "Residential Parent," and Minor's residence to be Montreal, Canada. The modified parenting plan resulted in Mother having substantially more custody than the prior Child Custody Decree.

## II. DISCUSSION

---

[1] All statutory reference are to RSMo Cum. Supp. 2008, unless otherwise specified.

From the outset, we note that the facts of this post-dissolution of marriage proceeding are becoming increasingly common due to evolving, modern American families and our highly mobile society. Father raises four points on appeal. In his first point, Father alleges the trial court erred in denying Father's Motion to Dismiss Mother's Motion to Modify the Child Custody Decree. Father claims that Mother incorrectly sought child custody modification, in that Mother was actually seeking to relocate or change Minor's principal residence, pursuant to Section 452.377.

In points II and III, Father asserts the trial court erred in allowing Mother to relocate Minor from St. Louis, Missouri to Montreal, Canada. First, Father argues Mother failed to comply with the notice requirements of Section 452.377 (Point II). Second, Father avers Mother failed to satisfy her burden, pursuant to Section 452.377, in that Mother failed to demonstrate relocation was made in good faith and was in the best interests of Minor (Point III).

Last, Father contends, in the alternative, the trial court erred in modifying the Child Custody Decree to permit Minor to reside in Montreal, Canada with Mother, in that said custodial arrangement was not in Minor's best interests.

### *Standard of Review*

The judgment of the trial court will be upheld on appeal, unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976); see also Dawson v. Dawson, 366 S.W.3d 107, 112 (Mo. App. W.D. 2012). However, this case presents issues of statutory construction, a question of law, which this Court reviews *de novo.* Wood v. Wood, 94 S.W.3d 397, 405 (Mo. App. W.D. 2003).

*Analysis*

**Point I—Relocation or Child Custody Modification?**

We begin our analysis with an examination of the two statutes at the core of this appeal, the child custody modification statute and relocation statute.

First, Section 452.410 governs the modification of child custody awards. Heslop v. Sanderson, 123 S.W.3d 214, 218 (Mo. App. W.D. 2003); see also Section 452.410. Pursuant to Section 452.410, parents may seek modification of child custody awards and the court may so modify a prior custody award if, "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." Section 452.410.1; see also Searcy v. Seedorff, 8 S.W.3d 113, 116 (Mo. banc 1999) (holding that the change in circumstance required by Section 452.410.1 must relate to the child or his or her custodian—not the non-custodial parent—in order to modify a prior child custody award); see also Russell v. Russell, 210 S.W.3d 191, 196-97 (Mo. banc 2007) (change in circumstances need not be "substantial" for modification of joint physical custody). In a modification proceeding, the trial court must determine: (1) was there a change in the circumstances of the custodial-parent or the child; and (2) if so, are the best interests of the child served by modifying custody. Love v. Love, 75 S.W.3d 747, 762 (Mo. App. W.D. 2002).

Second, Section 452.377 governs and sets forth the statutory procedure which must be followed when a divorced[2] parent seeks to relocate the "principal residence" of a child. Section 452.377; see also Herigon v. Herigon, 121 S.W.3d 562, 565 (Mo. App.

---

[2] While marriages are now "dissolved" that term is not used as an adjective when describing a parent.

4

W.D. 2003); Cortez v. Cortez, 317 S.W.3d 630, 634 (Mo. App. S.D. 2010). The term "principal residence" is used in Sections 452.375 and 452.377, but not defined. The statute goes on to require that "[t]he residence of one of the parents shall be designated as the address of the child for mailing and educational purposes." Judges and lawyers have been, *de facto*, treating that designated parent as the "residential parent" or "custodial parent," even though those terms are not defined or even appear in the statutes. As the child custody statutes now read, in cases where joint physical custody has been awarded – both parents are considered "custodial" parents; the only 'distinction' is that the residence of one of the parents is to be designated as the child's address for mailing and educational purposes. See Section 452.375.5(2).

"Relocation" is defined as "a change in the *principal residence* of a child for a period of ninety days or more, but does not include a temporary absence from the principal residence." Section 452.377.1 (emphasis added). When a parent seeks to relocate, the relocating parent is required to give written notice to the other parent of the proposed relocation. See Section 452.377.2. The purpose of the statue is to "insure notice *prior* to any move[,] . . . provide consequences for the failure to provide notice[,]" Melton v. Collins, 134 S.W.3d 749, 756 n.1 (Mo. App. S.D. 2004) (Rahmeyer, J., concurring) (emphasis in original), and to ensure the non-relocating parent has an opportunity to object to the relocation. Baxley v. Jarred, 91 S.W.3d 192, 199-200 (Mo. App. W.D. 2002).[3]

---

[3] By the plain language of the statute, Section 452.377 presupposes the "principal residence" of the child has already been determined. In a joint physical custody award, there may be no declaration of a "principal residence."

5

While it may seem that both statutes address child custody decrees, notices of intent to relocate are *not* motions to modify. However, we emphasize that notices of intent to relocate are *not* motions for modification. See Rich v. Peters, 50 S.W.3d 814, 820 (Mo. App. W.D. 2001) ("Consistent with the principles of statutory construction, such an interpretation reconciles the two statutes, and gives effect to them both."). In contrast to motions for modification, there is no motion to relocate. In a relocation of a child circumstance, only notice is required by the moving-parent to the non-moving parent—nothing is filed with the court (the non-moving parent is the party who is obligated to file his or her objections with the court); legal and physical custody decisions have already been determined, and custody is *not* the issue. See, e.g., Brown v. Shannahan, 141 S.W.3d 77, 79 (Mo. App. E.D. 2004) (finding that "Section 452.377 provides for modification of *existing* custody or visitation arrangements" and did not apply when mother relocated with child prior to an initial determination of paternity and custody rights) (emphasis in original). Nevertheless, relocation of a child may compel child custody modification because "[r]elocation of a child to a location distant from a non-custodial party clearly disrupts an existing custody and visitation schedule, potentially rendering the prior custody and visitation order unreasonable. Jill S. Kingsbury, "Mommy, Are We Moving? No ... Maybe ... Yes ...."-the Evolution of Missouri's Relocation Law, 60 J. Mo. B. 83, 90 (March-April 2004); Adams v. Adams, 812 S.W.2d 951, 956 (Mo. App. S.D. 1991) ("It is axiomatic that the move of a custodial parent to a location distant from the noncustodial parent is a change of circumstances within the meaning of § 452.410."); see, e.g., Weaver v. Kelling, 53 S.W.3d 610, 613-15 (Mo. App. W.D. 2001).

This was not a relocation case. This was a modification case. Mother was already living in Canada at the time the Dissolution Judgment and Child Custody Decree were entered. As unambiguously noted in Mother's Motion for Modification, Mother was not seeking to relocate the child, but was seeking modification of the Child Custody Decree—specifically, Mother was requesting sole legal and sole physical custody. Furthermore, this being a joint physical custody scenario, the principal residence of Minor was never determined by the Child Custody Degree, because Minor's principal residence was that of both parents.

The trial court was correct in denying Father's Motion to Dismiss as Mother correctly sought to modify the child custody decree under Section 452.410.

Point I is thereby denied. Furthermore, we need not reach Points II and III as Point I is dispositive. As such we summarily deny Point II and III and proceed directly to Point IV.

**Point IV—No Error in Modifying Child Custody Decree.**

In his last and final point, Father alleges the trial court erred in modifying the Child Custody Degree because permitting Minor to reside primarily with Mother in Canada did not serve Minor's best interests and prevented Father from maintaining frequent, continuing and meaningful contact with Minor.

Divorce requires concessions and tough decisions, and, unfortunately, too often, the children are the parties that lose. Here, Father and Mother chose to live more than a thousand miles apart. See Fenwick v. Fenwick, 114 S.W.3d 767, 778 (Ky. 2008) (overruled on other grounds) ("If the parents continue to reside in close proximity to each other post-dissolution, meaningful time-sharing should not be a problem . . . . We

7

recognize that in most cases the frequency of physical time-sharing will necessarily decrease as the distance between the parents increases."). Such consequences include less physical time with Minor, as Father aptly argues.

At the time the Child Custody Decree was entered in July 2008, Minor was less than three years of age. A bi-weekly, joint physical custodial arrangement was possible (although, maybe not advisable due to the extreme distance) as Minor was not yet enrolled in school. However, as Minor now begins schooling and the parents live a great distance apart, a bi-weekly parenting schedule is not in the best interests of Minor (not to mention the exorbitant cost of such a schedule). Accordingly, a modification of the child custody decree was not only appropriate, it was necessary in order to serve the best interest of Minor.

Essentially, in this case, Father is arguing that the trial court's factual findings—which determined that Minor was to live primarily with Mother in Canada (specifically, during the school year)—were erroneous. In light of our standard of review in child custody cases, we defer to the trial court's judgment and assessment of witness credibility. Spradling v. Spradling, 959 S.W.2d 908, 911 (Mo. App. S.D. 1998) ("A trial court's custody determination is afforded greater deference than any other type of case."). These principles weigh heavily against finding that the trial court's judgment was against the weight of the evidence. This Court will not replace the trial court's view of the facts with that of our own unless we are left with a firm belief that the judgment was wrong. Murphy, 536 S.W.2d at 32. We harbor no such belief here.

The record supports the trial court's modification of the Child Custody Decree. We sympathize with Father in that he is afforded fewer days of physical custody with

8

Minor. However, again, divorce has consequences. The trial court determined, after the presentation of an abundance of evidence, Minor's best interests would be served by living primarily with Mother in Montreal. This Court does not second-guess the trial court and we affirm the trial court's modification of the Child Custody Decree.

Point IV is denied.

## III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's modification of the Child Custody Decree.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs