**Diana Marie ASHTON, Respondent,**

**v.**

**Christopher Michael ASHTON, Appellant.**

**WD 79943**

Missouri Court of Appeals, Western District.

OPINION FILED: February 28, 2017

Sara Michael, Jefferson City, MO, for Appellant.

Gary Stamper, Columbia, MO, for Respondent.

Before Division One: James Edward Welsh, P.J., Anthony Rex Gabbert, and Edward R. Ardini, Jr., JJ.

James Edward Welsh, Presiding Judge

Christopher Ashton ("Father") appeals the circuit court's judgment dismissing his motion objecting to Diana Ashton's ("Mother's") proposal to relocate their minor children.[1] We vacate the judgment.

### Background

The parties' marriage was dissolved in December 2011. They were awarded joint legal and joint physical custody of their two children, with specific periods of parenting time to each. The parties later agreed to modify the original parenting plan so that each would have the children two overnights during the week and alternating weekends. The agreement was incorporated into a judgment of modification dated November 14, 2014.

On March 12, 2016, Mother e-mailed Father stating that she intended to relocate the children to St. Louis on April 1, 2016, and to enroll them in school there. She mentioned the upcoming termination of her maintenance[2] and stated that she hoped to find full-time work in St. Louis. Mother also stated that the sale of her home was set to close on April 1st. She noted that, because the sale "happened so quickly, I was unable to provide you with the statutory sixty day advance notice." She proposed that Father have custody of the children every other weekend with no overnights during the week and no change to the summer and holiday schedules.

Father e-mailed Mother back the next day objecting to the proposed relocation. He stated that he had not received a certified letter (as required by the applicable statute) and that "sending an email less than 30 days before you intend to move the kids is not acceptable." Father proposed that Mother could relocate, that the children could "stay with [him] for the remainder of the school year," and that she could "have them on ... alternating weekends." He stated that, if he did not hear back from her, "I'll assume we're going with the plan I spelled out."

On May 4, 2016, Father filed a motion seeking an order from the circuit court prohibiting the proposed relocation. He objected that the move is not in the children's best interests, because it: (1) will "greatly impact" their ability to have fre-

---

1. The record indicates that the children were ages nine and five at the time of Mother's proposed relocation.

2. The dissolution judgment awarded Mother non-modifiable maintenance for a period of sixty months. The judgment also awarded Mother the marital home, with the proviso that she pay Father his share of the equity at the end of five years or upon sale of the home, whichever occurs first.

quent and meaningful contact with him, (2) will cause a "significant disruption" in the children's lives by requiring them to move from the only community and school they have ever known, and (3) is solely for Mother's benefit. Alternatively, Father asked the court to modify the existing parenting plan to grant him "primary parenting time, affording Mother alternating weekends, and allowing the minor children to remain and attend school in Boone County."

Mother filed a motion to dismiss Father's motion as untimely. She alleged that "written notice was provided by regular and certified mail to [Father's] last known address" on March 9, 2016.[3] She claimed that the letter sent by regular mail was not returned and, thus, was "presumed received," but she acknowledged that Father did not claim the certified letter. Mother stated that her March 12 e-mail "contain[ed] the same information as the two letters previously mailed" and that she, therefore, had provided adequate notice. Citing *Baxley v. Jarred*, 91 S.W.3d 192, 205 (Mo. App. 2002), Mother claimed that, because Father did not file his motion within the required thirty days after receiving her purported "notice," she had "an absolute right" to relocate the children's residence sixty days after providing notice.

In June 2016, the circuit court held a hearing on Mother's motion to dismiss.

The circuit court ultimately sustained Mother's motion and dismissed Father's motion with prejudice.

## Discussion

Father raises four points on appeal. Our resolution of his first point requires us to vacate the circuit court's judgment.[4] In Point I, Father contends that the circuit court erred in dismissing his motion objecting to the relocation because Mother's notice of her intent to relocate did not comply with the applicable statutory provisions.

The circuit court's grant of Mother's motion to dismiss is a question of law which we review *de novo*. *See City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010); *D.A.N. Joint Venture, III v. Clark*, 218 S.W.3d 455, 457 (Mo. App. 2006). In assessing the propriety of a dismissal, we review the grounds raised in the motion to dismiss. *In re Estate of Austin*, 389 S.W.3d 168, 171 (Mo. banc 2013). Here, Mother moved to dismiss Father's motion on the basis that it was untimely under section 452.377, RSMo.[5]

Section 452.377 sets forth the statutory procedure which must be followed when a parent seeks to relocate the "principal residence" of a child.[6] *Gaudreau v. Barnes*, 429 S.W.3d 429, 432–33 (Mo. App. 2014). Pursuant to section 452.377.2,

3. Both the judgment of modification dated November 14, 2014, and the parenting plan included therein identified Father's current address as 3606 Ridgeview Drive, Columbia, Missouri 65201. The record indicates that this was not the address Mother used in her correspondence. Further, the children were spending substantial time at this address; thus, we will assume that Mother knew Father's current address.

4. Thus, we need not address Father's other three points, which allege (Point II) that, because Mother did not give proper notice, his

motion was not untimely; (Point III) that he alleged facts that met "all of the elements of his cause of action"; and (Point IV) that the circuit court "erred in dismissing [his] objections without a hearing."

5. Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2013 Cumulative Supplement.

6. Section 452.377.1 defines "relocation" as "a change in the *principal residence* of a child for a period of ninety days or more." *Gaudreau*, 429 S.W.3d at 433. The term "princi-

when a parent seeks to relocate, that parent must give written notice to the other parent of the proposed relocation. *See Allen ex rel. Allen v. Gatewood,* 390 S.W.3d 245, 249 (Mo. App. 2013). That provision states:

Notice of a proposed relocation of the residence of the child, or any party entitled to custody or visitation of the child, shall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, written notice shall be provided at least sixty days in advance of the proposed relocation. The notice of the proposed relocation shall include the following information:

(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

§ 452.377.2.

■ Once the relocating parent has given notice in accordance with the statute, then, "unless [the other] parent files a motion seeking an order to prevent the relocation within thirty days after receipt of such notice," the relocating parent may relocate with the child "sixty days after" providing notice. § 452.377.7.[7] The purpose of these statutory provisions is (1) to "insure notice *prior* to any move," (2) to "provide consequences for the failure to provide notice," and (3) to "ensure [that] the non-relocating parent has an opportunity to object to the relocation." *Gaudreau,* 429 S.W.3d at 433.

In Mother's motion to dismiss, she alleged that she had provided adequate notice because she gave written notice "by regular and certified mail to [Father's] last known address" and then sent an e-mail that "contain[ed] the same information as the two letters previously mailed." Father claims that Mother did not comply with the statutory provisions in section 452.377.2 and, thus, failed to provide proper notice.

The gist of Father's argument is that, because he did not receive proper statutory notice of Mother's intent to relocate, his motion for an order to prevent relocation of the children's residence could not have been "untimely." We agree. The caselaw confirms that, if Mother's notice was not proper, then Father was not required to file a motion to prevent the relocation. *See, e.g., Herigon v. Herigon,* 121 S.W.3d 562, 566 (Mo. App. 2003) ("under § 452.377, without a proper notice, there is no need to

---

pal residence" is not defined. *Id.* "[I]n cases where joint physical custody has been awarded—both parents are considered 'custodial' parents; the only 'distinction' is that the residence of one [is] designated as the child's address for mailing and educational purposes." *Id.* (citing § 452.375.5). "In a joint physical custody award, there may be no declaration of a 'principal residence.'" *Id.* at 433, n.2. In this case, we will assume that Mother's residence was a principal residence.

7. Specifically, section 452.377.7 provides: "The residence of the child may be relocated sixty days after providing notice, as required by this section, unless a parent files a motion seeking an order to prevent the relocation within thirty days after receipt of such notice." It further provides that the "motion shall be accompanied by an affidavit setting forth the specific factual basis supporting a prohibition of the relocation." *Id.*

file a motion to prevent relocation in that the relocation would not be permitted if effectuated"); *Buck v. Buck*, 279 S.W.3d 547, 549–50 (Mo. App. 2009); *Wright ex rel. McBath v. Wright*, 129 S.W.3d 882, 888 (Mo. App. 2004) (both holding the same). Thus, the first step is to determine whether Mother's notice was in compliance with the statute.

Pursuant to section 452.377.2, in order to relocate the residence of a child or any party entitled to custody of the child, the relocating parent must give notice "in writing by certified mail, return receipt requested" to the non-relocating parent. § 452.377.2. Here, we find nothing in the record to show that Mother complied with this requirement. Both parties agree that Father did *not* receive notification "in writing by certified mail."[8] Thus, it is clear that Mother did not comply with the plain language of the statute. *See Hueckel v. Wondel*, 270 S.W.3d 450, 455 (Mo. App. 2008) ("The plain language of section 452.377.2 makes it clear that sending notice via certified mail is a requirement of proper notice.").

Mother argued in her motion to dismiss that, despite the lack of a certified letter, Father was given adequate notice to satisfy the statutory requirements. Mother relied on *Baxley v. Jarred*, 91 S.W.3d 192, 205 (Mo. App. 2002), in which we held that, although the notice letter was not sent via *certified* mail, all other section 452.377.2 requirements were met; thus, the letter constituted "actual notice" and satisfied the purposes of the statute. *See also Weaver v. Kelling*, 53 S.W.3d 610, 616 (Mo. App. 2001) (citing the general rule that "one having actual notice is not prejudiced by

and may not complain of the failure to receive statutory notice").

Recent opinions by this Court have cast doubt on *Baxley's* concept of "actual notice" in light of the plain language of the statute. *See, e.g., Allen*, 390 S.W.3d at 249–51 (holding that the mother could not claim an absolute right to relocate absent "strict compliance" with the notice requirements of section 452.377.2); *Fleming v. Fleming*, 446 S.W.3d 677, 680–81 (Mo. App. 2014) (same). In emphasizing the need for "strict compliance," both cases relied on *Abraham v. Abraham*, 352 S.W.3d 617, 619–20 (Mo. App. 2011), in which the Southern District held that "strict compliance" with the provisions of section 452.377.2 is required and acknowledged that its ruling conflicted with *Baxley's* concept of "actual notice."

We need not resolve that conflict here, however, because, even if Mother's e-mail constituted "actual notice," it failed to otherwise satisfy section 452.377.2. The e-mail that Mother sent on March 12, 2016, stated that she intended to relocate *twenty days later* on April 1, 2016. That, obviously, does not comply with the statutory requirement that notice be "provided *at least sixty days in advance* of the proposed relocation." § 452.377.2. Here, Mother admitted in her e-mail that she failed to comply with that provision, stating that the sale of her home "happened so quickly" that she was "unable to provide" the statutory sixty-day advance notice.

This Court has recognized that section 452.377 authorizes two separate tracks for relocation: (1) non-court-ordered relocation (where the other parent does not timely object or affirmatively consents to

---

**8.** Father claims that, despite being informed of his new address in the November 2014 modification judgment, any letters Mother might have sent were evidently incorrectly addressed to his old address at 4501 Cedar Fall Lane in Columbia. Mother does not appear to dispute that, and it seems to be confirmed by the inclusion of that address in her e-mail. We note that, on the copy of the envelope containing the purported "certified letter" (which Mother submitted to the trial court as Exhibit A), the address to which that letter was sent is not visible.

relocation), and (2) court-ordered relocation after a hearing. *See, e.g., Wright*, 129 S.W.3d at 886–87 (citing *Baxley*, 91 S.W.3d at 199–200). The requirement that notice be provided at least sixty days in advance *"absent exigent circumstances as determined by a court with jurisdiction,"* indicates that, where a parent proposes to relocate *in less than sixty days*, there must be a *judicial determination* as to whether such "exigent circumstances" exist. *The circuit court made no such determination in this case.*

It is clear from the plain language of the statute that, where a relocation is proposed to take place in less than sixty days, *"absent exigent circumstances as determined by a court with jurisdiction,"* there can be no non-court-ordered relocation. Instead, any relocation must follow the court-ordered track from the onset. Therefore, Mother could not avail herself of the non-court-ordered procedure provided by section 452.377. Whether or not Father timely objected is inconsequential, because the matter has not been properly presented to the trial court for resolution.

Given that a non-court ordered relocation was unavailable here, it was incumbent upon Mother to seek court authorization for her proposed relocation by filing a motion to modify.[9] In this case, either party may present the matter to the trial court for resolution by filing a motion to modify the existing judgment.

### Conclusion

The judgment of the trial court is vacated.

All concur.

---

**9.** It is conceivable that the parties could stipulate to the relocation in less than sixty days via a joint motion to modify but it would still be a court-ordered disposition.